Rose Schnur et al., Plaintiffs, *v.* Joseph Gajewski et al., Defendants.

Supreme Court, Trial Term, Bronx County, April 21, 1955.

*Seymour Cohen* for plaintiffs.

*August C. Flamman* for Joseph Gajewski, defendant.

*Hyman Podell* for Joel Fabric Company, Inc., defendant.

MATTHEW M. LEVY, J. The plaintiffs move for an order permitting them to waive trial by jury and placing the action on the nonjury calendar for a day certain. One of the defendants objects to the waiver of the jury. The other defendant has defaulted on the motion.

The action is for personal injuries allegedly sustained as the result of an accident on November 17, 1952. Suit was commenced in January, 1953, and issue was joined in March, 1953. The plaintiffs demanded a jury, and the cause was noticed by them for the February, 1954 trial term. The plaintiffs' purpose in bringing on this application is to avoid further the extended delay which will result in the trial of the case because of the congestion of the jury tort calendar in this court (see *Friedman* v. *Strand,* 203 Misc. 170, 172, and *Denton* v. *Koshfer,* 201 Misc. 394, 397). Under existing conditions, the trial cannot be had until sometime in the year 1957.

It is, of course — in these times — judicially desired to have as many causes tried by the court alone as is possible — for that is one of the recognized means of eliminating the long delay presently afflicting this particular class of actions in this jurisdiction. But, under the law as it now is, the waiver of a jury trial is entirely a matter of consent. And that consent may legally be withheld for good reason, or bad, or none at all. When the plaintiffs demanded a jury — as they were entitled to do — it was not necessary for a defendant to make a demand therefor in order for him to be entitled to a jury trial. The plaintiffs' demand sufficed; it served for all parties (Civ. Prac. Act, § 426). The objecting defendant now states that he might himself have made demand for a jury trial, had the plaintiffs not done so. I cannot, on this motion, speculate as to whether that is or is not the fact. Nor is it necessary for me to endeavor to ascertain the fact. By virtue of the plaintiffs' own demand, this action has been frozen as a jury cause, and its status in that regard cannot now be changed without consent of their adversaries.

At pretrial, in a case where the injuries are serious, and it is obvious that the defendant insists upon a jury merely for purposes of delay, the court has advanced the cause for trial so as to deprive the defendant of the opportunity of using our jury system as a weapon for injustice — rather than (as it is intended to be) a bulwark in the administration of justice (see *Horstmann* v. *Freemire,* 124 N. Y. S. 2d 243, 245). The plaintiffs have not specifically asked for this relief; and I cannot see my way clear to invoke this procedure here on the basis of the

plaintiffs' prayer for general relief. In the first place, the claimed injuries (while substantial enough to warrant a general preference under subd. 5 of rule IV of the rules of this court) are not so serious as to justify the exercise of judicial discretion and directing a preference for a date in the near future. And secondly, this cause has already (in Nov., 1954) been processed at pretrial by a colleague and apparently the plaintiffs did not then indicate their desire to waive the jury which they had demanded; or, if they did, it was not apparent to the learned justice then presiding that the defendant's refusal was a dilatory tactic, occasioned by a desire to reap the seeming advantage of postponement of the day of trial.

I am afraid that, in the instant case, the plaintiffs, in asking for a jury, may have fashioned their own bed of delay, and they must now relax in it. (Cf. *Siegel* v. *Addison*, 207 Misc. 1005.) I do not say this in any flippant or condemnatory spirit. The right to trial by jury is a valuable and justly cherished right. It is not to be abandoned casually. But the public and the Bar must recognize that in the ordinary personal injury action instituted in the Supreme Court in the metropolitan area, the parties should — quite early in the course of the litigation — come to the considered and definitive conclusion whether they want a prompt trial or a jury trial. Unfortunately, at present, they cannot have both (see PECK, P. J., "Perspective on Justice," N. Y. L. J., March 4, 1955, p. 1, cols. 1, 5–6).

In view of the objection, the motion must be, and is, denied. Order signed.