Elizabeth Leahy, Plaintiff, *v.* Delvee Realty Corp., Defendant.

Supreme Court, Trial Term, Bronx County, May 2, 1955.

*Irving Segal* and *Sydney Rosansky* for defendant.

*Barney Rosenstein* for plaintiff.

MATTHEW M. LEVY, J. The defendant moves to have the cause placed on the nonjury calendar because of nondemand for a jury trial, and the plaintiff cross-moves to be relieved of her default in regard to the jury demand and to have the cause remain on the jury calendar.

On October 22, 1954, the plaintiff's attorney served a note of issue, and no jury was then demanded. The plaintiff claims this note of issue was for the December, 1954 term; the defendant says it was for the November, 1954 term. Neither party submits the note of issue served. It was never filed; for, according to the plaintiff's attorney, he found, upon examination of the note of issue after service, that his secretary had not followed his instructions to serve a jury demand. Therefore, on October 29, 1954 (as appears from the note of issue on file) or on November 3, 1954 (as claimed by defendant), plaintiff served a new note of issue for the December, 1954 term, in which a jury was demanded. This note of issue was filed on November 5, 1954, and Mr. Justice BRADY, on December 15, 1954, granted the plaintiff — without objection from the defendant — a rule IV, subdivision 5 preference on the jury calendar. (Bronx Co., Supreme Ct. Rules. )

If the plaintiff desires a jury trial she may have it (see *Schmur* v. *Gajewski*, 207 Misc. 637), and under the circumstances presented here, it cannot be held that she has irrevocably (albeit unintentionally) forsworn the right to demand it. Under the Civil Practice Act (§ 426, subd. 5) the court has discretion to relieve a party from the claimed waiver of his right to a jury trial, if no undue delay or prejudice to the other party would result. A jury demand (in the light of present calendar congestion) will result in a delay of the trial for some two years or more; but this would appear to be prejudicial to the plaintiff rather than to the defendant. In any event, no prejudice

is claimed by the defendant, and I can perceive none from the nature of the case.

In *Morabito* v. *Solomon* (278 App. Div. 657), a motion by a defendant for leave to file a jury demand *nunc pro tunc* was granted, where it appeared that there was no intention to waive a jury trial and the failure duly to file the demand therefor was the result of an office error. It is true that in *Whitton Automotive Parts Co.* v. *Yale Elec. Corp.* (231 App. Div. 836), the two notes of issue were for the same trial term. That may or may not have been the case here. But I do not deem that to be a necessary condition for the judicial exercise of the sound discretion envisaged in the statute (*Schwartz* v. *Sunlight Apts.*, 274 App. Div. 901; *New York Investors* v. *Laurelton Homes*, 230 App. Div. 712; *Fryer* v. *Connors*, 136 N. Y. S. 2d 573). In *Langer* v. *Owen-Morgan*, 278 App. Div. 552 (motion for leave to appeal to the Court of Appeals or for reargument denied, 278 App. Div. 654), the Appellate Division stated: "The procedure adopted in this case was erroneous, and the clerk should not have accepted the amended note of issue to place the case on the jury calendar, but plaintiff should have applied to the court for relief under subdivision 5 of section 426 of the Civil Practice Act. However, in view of the short period of time that elapsed, we consider the application as one made under that section."

Accordingly defendant's motion is denied and plaintiff's cross motion is granted. Orders signed.