EASTERN AIR LINES, INC., Appellant, v. TOWN OF ISLIP, Respondent.

In our opinion, the granting of the motion was an improvident exercise of discretion. The excuse offered by the defendant's attorney of record for the delay in moving of one year after the note of issue was served and filed, namely: that he has no recollection of having received the plaintiff's note of issue without a jury demand, was inadequate. Moreover, the transfer of the action on the eve of trial from the Nonjury to the Jury Calendar is prejudicial to the plaintiff, since such transfer will result in delaying the trial for about four years. Nolan, P. J., Beldock, Kleinfeld, Christ and Brennan, JJ., concur.

JOSE FIGUEROA, Respondent, v. ROOSEVELT HOSPITAL, Appellant.—

No opinion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

JULIAN HOUSE, Respondent, v. UGO PEREZ, Appellant.—

Upon the facts set forth in the record, issues exist as to whether plaintiff suffered injuries as a result of defendant's automobile striking the rear of plaintiff's automobile. Further, it does not appear conclusively that defendant failed to use such reasonable precautions to avoid the accident as would ordinarily be used by careful, prudent persons under like circumstances (cf. Gerard v. Inglese, 11 A D 2d 381). Nolan, P. J., Ughetta, Pette and Brennan, JJ., concur; Christ, J., dissents and votes to affirm.