PILAR DOWNING, Respondent, *v.* VINCENT DOWNING, Appellant.

First Department, July 15, 1969.

*Abraham Hornstein* of counsel (*Lawrence R. Condon,* attorney), for appellant.

*Thomas R. Farrell* of counsel (*Doris Carroll* with him on the brief; *Paul, Weiss, Goldberg, Rifkind, Wharton & Garrison,* attorneys), for respondent.

STEUER, J. The instant appeal calls for the interpretation of CPLR 4102. We say this with all due humility in view of the absolute fiat in the dissent that there is simply no room for interpretation.

We start with the unequivocal statement of the Court of Appeals, which as far as we know has never been questioned: '' the right to a trial by jury is a personal right which must be

timely asserted." (*Matter of Brenner* v. *Great Cove Realty Co.,* 6 N Y 2d 435, 442.) The manner of asserting the right is by including a demand for it in the note of issue and the time for so doing is when the note of issue is filed (CPLR 4102). If a party fails to include the demand in his note of issue his right to a jury trial is gone, though it may be restored by the court as a matter of discretion under certain circumstances (CPLR 4102, subd. [e], 4103). By failing to demand a jury a party may not preclude any other party. The latter may demand a jury trial in his note of issue and the case is then triable by jury. This is in no sense a restoration of the first party's right to a jury trial but rather a constraint that he proceed to trial in that manner.

If the jury demand is included in the first note of issue filed, there is no occasion or necessity for any other party to demand a jury. The case is then triable by jury whether he so desires or does not so desire. We now come to the statutory sentence which is the source of the difficulty here: " A party may not withdraw a demand for trial by jury without the consent of other parties." We agree that if the words stood alone there would be nothing to discuss. But in their context there is, as witness the varying interpretations.

The sentence is meant to protect the party who in reliance on his opponent's demand for a jury trial properly fails to make demand in his own note of issue. Such a party has not failed to make timely demand for his right and it would be highly inequitable to place his right at the pleasure of his opponent. It is entirely different with a party who has waived his right and subjected himself to the will of his opponent in this regard. Why should he be in a position to object if his opponent's subsequent waiver accords with his own expressed desire and could have been accomplished by an original failure to demand?

Statutes should be read to make sense wherever possible and we believe this makes sense and the black letter interpretation (spare the word) does not. This problem has come before Special Term just twice. The earlier decision accords with the minority view. This is neither compelling authority nor is such a line of practice decisions persuasive because they have influenced the conduct of litigants. We see no reason to perpetuate what we deem to be error.

The dissent has set up a straw man and seeks to reinforce the excelsior with strong words. It pictures the situation where the defendant demands the jury for purposes of delay only to trap the plaintiff by withdrawing the demand when

the case is reached for trial. This can only happen to a plaintiff who originally either did not want a jury trial or sought to maneuver the defendant into making the demand. The court should not be concerned with such tactical battles. In the case at bar the appellant's contention suffers from the same absence of equitable merit. He objected to the withdrawal not because he wanted a jury trial but because, he mistakenly thought, he could be sent for trial to a Referee to whom he objected.

The order entered April 18, 1969, should be affirmed.

McGIVERN, J. (dissenting). I must dissent. The view of the majority is in contravention of and without warrant from the statutes. These statutes, CPLR 4102 (subds. [a] and [c]) repetitively declare: "A party may not withdraw a demand for trial by jury without the consent of other parties * * * A waiver does not withdraw a demand for trial by jury without the consent of the other parties." These words, couched in the plainest, explicit and most unambiguous of terms, presumably mean what they say. There is simply no room for "interpretation" and for strained and specious reasoning so that a contrary result may be reached. The function of the court is to enforce the statute and not add words which can only exist in the mind's eye, in order to effect a thought never articulated by the Legislature. Justice MATTHEW M. LEVY had a similar question before him in *Schnur* v. *Gajewski* (207 Misc. 637). I agree with his analysis (p. 638): "But, under the law as it now is, the waiver of a jury trial is entirely a matter of consent * * * By virtue of the plaintiffs' own demand, this action has been frozen as a jury case, and its status in that regard cannot be changed without consent of their adversaries."

The foregoing must be so. Otherwise, a prescient or disingenuous party could request a jury, and yet from the outset, plan on a nonjury trial, gain delay, and then by simply waiving, have a nonjury trial after all. Meanwhile, his opponent may have laboriously prepared for a jury trial and for all the lengthened procedures attendant upon a jury trial, too obvious to mention, all for naught. For a discussion by an appellate court of such potential mischief — see *Huntsberry* v. *Millers Mut. Fire Ins. Co.* (199 So. 2d 196 [Ct. of Appeal, La., 1967]).

Indeed, the particular circumstances of the case before us illustrate the evils and the havoc which could be wreaked in trial practice. Eight times the cause, as a *jury* action, was marked "Ready", four times it was at the head of the calendar. Then, *after* assignment to a trial part, the trapdoor was sprung, and without notice, the jury was waived. The defendant

was justified in his protest, he should be upheld, and the order reversed, with costs.

Tilzer and Markewich, JJ., concur with Steuer, J.; McGivern, J., dissents in opinion, in which Capozzoli, J. P., concurs.

Order entered April 18, 1969, affirmed, without costs and without disbursements.