CARMEN GONZALEZ, as Administratrix of the Estate of Roberto GONZALEZ, Deceased, Appellant, v CONCOURSE PLAZA SYNDICATES, INC., Respondent and Third-Party Plaintiff; FLATIRON WINDOW CLEANING COMPANY, Third-Party Defendant-Respondent.

First Department, January 29, 1976

*Arthur L. Kagan* of counsel *(Norman J. Mordkofsky,* attorney), for appellant.

*Remo J. Acito, P. C.,* of counsel *(Elinore B. Klein* with him on the brief), for respondent.

*Raymond C. Green* of counsel *(Francis Hugh McDermott* with him on the brief; *Herbert Lasky,* attorney), for third-party defendant-respondent.

KUPFERMAN, J. P. The dissent fairly states the facts and the sequence thereof on this question of whether the plaintiff is entitled to a jury trial, and, had the Trial Justice exercised his discretion to continue the action on the jury calendar, would set forth a reasonable basis for affirming the exercise of that discretion. (CPLR 4102, subd [e].) However, when confronted

with a determination which grants the defendant's motion to strike the action from the jury calendar and to place it on the nonjury calendar, the question becomes one of whether there was an abuse of discretion or whether the plaintiff has an absolute right to a jury trial.

This negligence action to recover damages for personal injuries and wrongful death, when a window cleaner fell from a window of the Concourse Plaza Hotel, has been before this court several times previously (31 AD2d 401 and 37 AD2d 822).

The plaintiff never demanded a jury trial, but two defendants in whose favor there has since been a verdict, did demand one. Now that the matter again comes up for retrial, the plaintiff contends that the previous general jury demand by those defendants no longer in the case, holds over because there have thus far been two jury trials. CPLR 4102 (subd [a]) provides for waiver of a jury trial if not demanded. In the present posture of this situation it is as if there had been no jury demand. The plaintiff did not initially rely on the dismissed defendants' demand, and, therefore, cannot have the benefit of it. *(Downing v Downing,* 32 AD2d 350 [1st Dept., 1969]; see Supplementary Practice Commentaries by Prof. David D. Siegel, McKinney's Cons Laws of N Y, Book 7B, p 51.) There is no one remaining in the case that ever requested a jury trial pursuant to the provisions of CPLR 4102 (subd [a]).

The order of the Supreme Court, Bronx County (OSTRAU, J.), entered December 11, 1974, granting the defendant's motion to strike the action from the jury calendar and to place it on the nonjury calendar should be affirmed, without costs.

LUPIANO, J. (dissenting). Study of the record discloses the following undisputed chronology of this matter: on August 7, 1963, plaintiff filed a note of issue which did not contain a demand for trial by jury. However, on August 26, 1963, the defendants Mildred Weinberg and Harry Weinberg demanded a jury. The other codefendant Concourse Plaza Syndicates, Inc., did not demand a jury. This case was placed upon the jury calendar and the first trial before a jury occurred on or about April 10, 1967 and resulted in a mistrial. The second jury trial in November, 1967 resulted in a dismissal of the complaint by the trial court at the close of plaintiff's case. This court reversed the judgment and ordered a new trial *(Gonzalez v Concourse Plaza Syndicates,* 31 AD2d 401 [1st Dept., 1969]). The third jury trial resulted in a verdict in favor

of plaintiff against defendant Concourse Plaza Syndicates on the issue of liability and in favor of defendants Mildred Weinberg and Harry Weinberg, dismissing the complaint as to them. On appeal, the judgment was reversed as to the jury verdict against defendant Concourse Plaza Syndicates and the case was remanded for a new trial on the issue of liability as to said defendant (Gonzalez v Concourse Plaza, 37 AD2d 822 [1st Dept., 1971]). Subsequently this action appeared for trial on the jury calendar on numerous occasions. The sequence of events as narrated by plaintiff's counsel without contradiction at the hearing of defendant Concourse Plaza Syndicates, Inc.'s motion to strike the action from the jury calendar follows: "Eventually, on September 5, 1972, [this action] appeared before Justice Sidney Rosen. At that time * * * trial counsel for Concourse Plaza Syndicates, marked the case 'Ready', and [plaintiff's trial counsel] was ready to proceed * * * with a jury trial. However * * * due to the illness of Justice Rosen, the case was adjourned to * * * October 5th, 1972, * * * at no time did [Concourse Plaza Syndicates] contend that this was not to be a jury trial * * * [O]n October 5th, [Concourse Plaza Syndicates' trial counsel] * * * made an application to stay the trial * * * on the grounds that he wanted to bring in Flatiron Window Cleaning Company, as a third-party defendant * * * This case was then adjourned on numerous occasions * * * However, at no time, from 1972 up until 1974, was this contention raised by the defendants * * * (T)his case was then sent to Trial Term Part I * * * on September 11th, 1974 * * * then assigned * * * in Trial Term Part III, and at no time was this contention raised although we were advised that we would pick a jury". On October 7, 1974, the parties were present and ready to proceed. Trial Term (OSTRAU, J.) directed the attorneys to select a jury. At this point, for the first time, trial counsel for defendant Concourse Plaza made a motion to have the action stricken from the jury calendar. The motion was joined in by the third-party defendant Flatiron.

In answer to plaintiff's detailed history of this litigation as delineated above, Concourse Plaza's trial counsel lamely explained that while the case was "on a number of times over a period of two years, * * * at no time until this morning had we ever reached a point * * * where we were directed to select a jury. This morning was the first time that occurred, and at that time I advised your Honor that I thought the law was clear that on the status of this case at the present time, it

was a non-jury action". Trial Term granted defendant Concourse Plaza Syndicates, Inc.'s motion, relying on *Downing v Downing* (32 AD2d 350 [1st Dept., 1969]). This reliance was misplaced. Patently, *Downing* deals with the issue of a subsequent waiver of jury trial by a party to the action who withdrew a jury demand when the case was reached in the Calendar Part for assignment for trial. The circumstances herein are manifestly distinguishable and somewhat unique. Indeed, they constitute, in effect, a waiver of a waiver. Trial by jury is time-honored in our system of jurisprudence and is guaranteed in our State Constitution (NY Const, art I, § 2; art VI, § 18). The procedure required to obtain a jury trial of issues triable as of right by a jury is set forth in CPLR 4102. Under subdivision (e) of CPLR 4102, the "court may relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result". Further, "[a] party may not withdraw a demand for trial by jury without the consent of the other parties" (CPLR 4102 [subd a]). The circumstances herein do not present the situation of a party's subsequent waiver of a jury demand after his opponent already had waived same, but rather the withdrawal of the party who had demanded the jury trial from the litigation as the consequence of a jury verdict, with the parties who remained concurring by inaction for a substantial period of time in the action remaining a jury trial matter. Under these circumstances, the parties *de facto* waived their original waiver of trial by jury. As aptly noted by Steuer, J. in *Downing v Downing (supra,* p 351): "Statutes should be read to make sense wherever possible and we believe this makes sense and the black letter interpretation (spare the word) does not". The rationale of cases should be similarly read. Further, Trial Term, faced with this obviously dilatory motion by defendant Concourse Plaza Syndicates, Inc., in light of the high regard and protection afforded a litigant's right to jury trial and under the unusual circumstances herein, could well have exercised and indeed was mandated to exercise the discretion afforded by CPLR 4102 (subd [e]) by granting plaintiff's request, in opposition to said defendant's motion, for leave to demand a jury trial.

Accordingly, the order of the Supreme Court, Bronx County, should be reversed and the matter should remain on the jury calendar.

Silverman, Lane and Nunez, JJ., concur with Kupferman, J. P.; Lupiano, J., dissents in an opinion.

Order, Supreme Court, Bronx County, entered on December 11, 1974, affirmed, without costs and without disbursements.