41 N.Y.2d 414 (1977)
Carmen Gonzalez, as Administratrix of The Estate of Roberto Gonzalez, Deceased, Appellant,
v.
Concourse Plaza Syndicates, Inc., Defendant-Respondent and Third-Party Plaintiff. Flatiron Window Cleaning Company, Third-Party Defendant-Respondent.
Court of Appeals of the State of New York.
Argued January 7, 1977.
Decided February 24, 1977.
Arthur L. Kagan and Norman J. Mordkofsky, Bronx, for appellant.
Remo J. Acito, P. C., and Elinore B. Klein, New York City, for defendant-respondent.
Raymond C. Green, Peter M. Pryor, Francis Hugh McDermott and Joseph M. Stein, New York City, for third-party defendant-respondent.
Chief Judge BREITEL and Judges JASEN, GABRIELLI, JONES and WACHTLER concur in Per Curiam opinion; Judges FUCHSBERG and COOKE dissent and vote to reverse in separate dissenting opinions.
*415 Per Curiam.
Plaintiff in a wrongful death action appeals from the Appellate Division's affirmance of an order granting motions by defendant and third-party defendant to strike the action from the Jury Calendar and denying plaintiff's motion to file a jury demand nunc pro tunc.
The issue is whether a plaintiff who has filed a note of issue requesting, expressly, a trial without jury is nevertheless entitled to a jury trial solely because two defendants who are no longer involved in the action once filed a demand for a jury trial. The order of the Appellate Division should be affirmed. A party who has expressed a preference for a nonjury trial should not be heard to complain when, because the only parties to demand a jury trial have already been absolved of liability and hence removed from the action, the expressed preference is finally given effect.
On October 3, 1961, at the Concourse Plaza Hotel, plaintiff's husband, an employee of the third-party defendant Flatiron Window Cleaning Company, fell to his death while cleaning, from the outside, a window in the apartment of Mildred and Henry Weinberg. Plaintiff brought a wrongful death action against the Weinbergs and Concourse Plaza Syndicates, and filed a note of issue requesting a trial without jury. The Weinbergs filed a demand for jury trial, and the case proceeded to trial with a jury. After a mistrial, and then a dismissal at the close of plaintiff's case, subsequently reversed on appeal (31 AD2d 401), a third trial was completed in September, 1969. At that third trial, a jury verdict was *416 rendered for plaintiff against Concourse Plaza, and for the Weinbergs against plaintiff. The verdict against Concourse Plaza was set aside by the Appellate Division, and the action was again remanded for a new and fourth trial (37 AD2d 822). Meanwhile, Concourse Plaza impleaded decedent's employer, Flatiron, pursuant to the general practice following the intervening decision of this court in Dole v Dow Chem. Co. (30 N.Y.2d 143).
On October 7, 1974, 13 years after the accident, as the jury for the fourth trial was about to be selected, Concourse Plaza and Flatiron joined in a motion to strike the action from the Jury Calendar and transfer it to the Nonjury Calendar. The motion was based on the fact that the Weinbergs, the only parties ever to request a jury trial, were no longer parties to the litigation. After a hearing, the motion was granted, and plaintiff's subsequent motion to file a jury demand nunc pro tunc was denied. The Appellate Division affirmed, one Justice dissenting, and plaintiff appeals.
CPLR 4102 (subd [a]) provides that "[a]ny party may demand a trial by jury of any issue of fact triable of right by a jury, by serving upon all other parties and filing a note of issue containing a demand for trial by jury." Once a demand has been served by any party, however, it may not be withdrawn or waived without the consent of the other parties (CPLR 4102, subds [a], [c]). This limitation is designed to protect a party who, in reliance on a demand for a jury trial already made by another party, quite reasonably forbears from making a similar demand of his own (Downing v Downing, 32 AD2d 350, 351). Plaintiff, however, is not such a party. Certainly, when, as here, plaintiff has already expressed a preference for a nonjury trial, the statutory protection is unnecessary. In effect, by making an express request for a nonjury trial, plaintiff consented, in advance, to any withdrawal or waiver of a demand for a jury trial. A contrary result would only encourage the tactical maneuvers so properly condemned by Mr. Justice STEUER in Downing v Downing (32 AD2d 350, 351-352, supra).
Of course, as CPLR 4102 (subd [e]) provides, a trial court "may relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result." Thus, a trial court faced with a belated demand for a jury trial may, as Judge COOKE states in dissent, consider the equities involved. The import of the trial court's *417 remarks in denying the application to demand a jury, nunc pro tunc, should not be misread. The Trial Judge, not concerned with the jurisdictional limitations of the Court of Appeals, did not by using the words "abuse of discretion" manifest a meaning that granting the application would exceed his discretionary power and rise to the status of an error of law, but rather signified that granting the application would be an injudicious use, therefore an "abuse", of the discretion vested in him (see, generally, the categories of discretion which concern the Court of Appeals because of the constitutional limitations on its power of review, Cohen and Karger, Powers of the New York Court of Appeals, §§ 145-158, esp §§ 148-149). On this view, the trial court has already considered, and rejected, giving plaintiff relief pursuant to CPLR 4102 (subd [e]). That should be the end of this issue in a litigation not yet concluded 16 years after decedent's unfortunate death.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
FUCHSBERG, J. (dissenting).
This court has never previously treated with the issue raised here and I do not believe that we should adopt the Appellate Division's reading of CPLR 4102 in Downing v Downing (32 AD2d 350) as the correct one; in my view, the dissenting opinion in that case by former Presiding Justice (then Mr. Justice) OWEN McGIVERN, and joined in by Mr. Justice LOUIS J. CAPOZZOLI, is more consonant with both the language of the statute and the legislative intention it manifests. A like analysis in Schnur v Gajewski (207 Misc 637 [MATTHEW M. LEVY, J.]) is also persuasive. As Professor David D. Siegel puts it in his Supplementary Practice Commentary, "The Legislative view, insofar as any can be discerned, would apparently uphold Justice McGivern's dissent" (Siegel, Supplementary Practice Commentaries [1970], McKinney's Cons Laws of NY, Book 7B, CPLR 4102, Pocket Part [1976-1977], p 54; see, also, 7 Carmody-Wait 2d, NY Prac, § 49:47, pp 537-538; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4102.05, p 41-62.1).
Downing makes the procedure for waiving a jury in a case where one had previously been demanded vulnerable to unilateral opportunism on the part of one party. It does so in place of the far more desirable consensual practice that the statute would appear to require before an earlier "considered and definitive" choice is to be eradicated (Schnur v Gajewski, supra, p 639).
*418 The right to trial by jury in cases such as the one before us is guaranteed by our State Constitution (NY Const, art I, § 2; art VI, § 18). Procedures for its waiver should be strictly construed. And, until Downing, Trial Judges and trial lawyers so read it (see Siegel, Supplementary Practice Commentaries [1970], op. cit.). No wonder. The statutory language explicitly provides that a "party may not withdraw a demand for trial by jury without the consent of the other parties" (CPLR 4102, subd [a]). It also states expressly that "[a] waiver does not withdraw a demand for trial by jury without the consent of the other parties" (CPLR 4102, subd [c]). There is nothing ambiguous about these words. Neither logic nor law requires that we freely interpret them as though they were.
COOKE, J. (dissenting).
There should be a reversal and a remittal to Supreme Court to determine whether plaintiff should be granted relief from his failure to demand a jury trial pursuant to CPLR 4102 (subd [e]).
Since the plaintiff in this action filed a note of issue and specifically requested a trial "without jury", plaintiff should not be entitled to invoke CPLR 4102 (subd [a]), which provides, in part, that "[a] party may not withdraw a demand for trial by jury without the consent of the other parties." One may accept, as did the Appellate Division both in this action and in Downing v Downing (32 AD2d 350), the interpretation of subdivision (a) as benefiting only those parties who have not filed a demand for a jury trial in reliance on a demand by another party. The problem is, however, that this interpretation of subdivision (a) appears, at least in the instant action, to have read subdivision (e) out of CPLR 4102.
CPLR 4102 (subd [e]) provides: "(e) Relief by court. The court may relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result."
In the proceeding below, after the Trial Justice had determined that, based on Downing v Downing (supra), the plaintiff could not invoke CPLR 4102 (subd [a]) to prevent defendant Concourse Plaza Syndicates, Inc., from having the action transferred to the Nonjury Calendar, the following colloquy took place:
"MR. KAGAN: Your Honor, may I take exception to your ruling? Your Honor, in view of your prior ruling, may I *419 request, then, under Section 4102, subdivision E, and also under Section 4103, that I be permitted to demand a jury, nunc pro tunc?
"THE COURT: I believe a granting of that application would be an abuse of discretion, and, accordingly, the application is denied."
In view of the fact that defendant Concourse Plaza Syndicates, Inc., which moved to transfer the action to the Nonjury Calendar, had been a participant in three prior jury trials (resulting in one mistrial and two reversals by the Appellate Division), it is at least arguable that there would be no "undue prejudice" to the rights of that defendant if the case proceeded to a jury trial. As to the third-party defendant, Flatiron Window Cleaning Company, which was not a participant in the other jury trials, the possible prejudice to said party should also have been considered. Yet, instead of exercising his discretion, the Trial Justice appears to have concluded that it would have been an abuse of his discretion to even consider granting plaintiff relief under CPLR 4102 (subd [e]).
Plaintiff may well have intended to move earlier in this action for relief from his failure to demand a jury trial, but may have decided that such a motion was unnecessary because of the demand by one of defendants and, subsequently, because of each of the three prior jury trials (see Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4102, Pocket Part [1976-1977], pp 54-55). The record manifests that the Trial Justice eliminated the possibility of relief under subdivision (e), apparently based on his determination that plaintiff could not invoke subdivision (a). Accordingly, there should be a reversal and a remittal to Supreme Court for the purpose of determining whether plaintiff should be afforded relief under CPLR 4102 (subd [e]).
Order affirmed, with costs. Question certified answered in the affirmative.