Per Curiam.

Plaintiff in a wrongful death action appeals from the Appellate Division’s affirmance of an order granting motions by defendant and third-party defendant to strike the action from the Jury Calendar and denying plaintiff’s motion to file a jury demand nunc pro tunc.
The issue is whether a plaintiff who has filed a note of issue requesting, expressly, a trial without jury is nevertheless entitled to a jury trial solely because two defendants who are no longer involved in the action once filed a demand for a jury trial. The order of the Appellate Division should be affirmed. A party who has expressed a preference for a nonjury trial should not be heard to complain when, because the only parties to demand a jury trial have already been absolved of liability and hence removed from the action, the expressed preference is finally given effect.
On October 3, 1961, at the Concourse Plaza Hotel, plaintiff’s husband, an employee of the third-party defendant Flatiron Window Cleaning Company, fell to his death while cleaning, from the outside, a window in the apartment of Mildred and Henry Weinberg. Plaintiff brought a wrongful death action against the Weinbergs and Concourse Plaza Syndicates, and filed a note of issue requesting a trial without jury. The Weinbergs filed a demand for jury trial, and the case proceeded to trial with a jury. After a mistrial, and then a dismissal at the close of plaintiff’s case, subsequently reversed on appeal (31 AD2d 401), a third trial was completed in September, 1969. At that third trial, a jury verdict was *416 rendered for plaintiff against Concourse Plaza, and for the Weinbergs against plaintiff. The verdict against Concourse Plaza was set aside by the Appellate Division, and the action was again remanded for a new and fourth trial (37 AD2d 822). Meanwhile, Concourse Plaza impleaded decedent’s employer, Flatiron, pursuant to the general practice following the intervening decision of this court in Dole v Dow Chem. Co. (30 NY2d 143).
On October 7, 1974, 13 years after the accident, as the jury for the fourth trial was about to be selected, Concourse Plaza and Flatiron joined in a motion to strike the action from the Jury Calendar and transfer it to the Nonjury Calendar. The motion was based on the fact that the Weinbergs, the only parties ever to request a jury trial, were no longer parties to the litigation. After a hearing, the motion was granted, and plaintiffs subsequent motion to file a jury demand nunc pro tunc was denied. The Appellate Division affirmed, one Justice dissenting, and plaintiff appeals.
CPLR 4102 (subd [a]) provides that "[a]ny party may demand a trial by jury of any issue of fact triable of right by a jury, by serving upon all other parties and filing a note of issue containing a demand for trial by jury.” Once a demand has been served by any party, however, it may not be withdrawn or waived without the consent of the other parties (CPLR 4102, subds [a], [c]). This limitation is designed to protect a party who, in reliance on a demand for a jury trial already made by another party, quite reasonably forbears from making a similar demand of his own (Downing v Downing, 32 AD2d 350, 351). Plaintiff, however, is not such a party. Certainly, when, as here, plaintiff has already expressed a preference for a nonjury trial, the statutory protection is unnecessary. In effect, by making an express request for a nonjury trial, plaintiff consented, in advance, to any withdrawal or waiver of a demand for a jury trial. A contrary result would only encourage the tactical maneuvers so properly condemned by Mr. Justice Steuer in Downing v Downing (32 AD2d 350, 351-352, supra).
Of course, as CPLR 4102 (subd [e]) provides, a trial court "may relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result.” Thus, a trial court faced with a belated demand for a jury trial may, as Judge Cooke states in dissent, consider the equities involved. The import of the trial court’s *417 remarks in denying the application to demand a jury, nunc pro tunc, should not be misread. The Trial Judge, not concerned with the jurisdictional limitations of the Court of Appeals, did not by using the words "abuse of discretion” manifest a meaning that granting the application would exceed his discretionary power and rise to the status of an error of law, but rather signified that granting the application would be an injudicious use, therefore an "abuse”, of the discretion vested in him (see, generally, the categories of discretion which concern the Court of Appeals because of the constitutional limitations on its power of review, Cohen and Karger, Powers of the New York Court of Appeals, §§ 145-158, esp §§ 148-149). On this view, the trial court has already considered, and rejected, giving plaintiff relief pursuant to CPLR 4102 (subd [e]). That should be the end of this issue in a litigation not yet concluded 16 years after decedent’s unfortunate death.
Accordingly, the order of the Appellate Division should be affirmed, with costs.