Fuchsberg, J. (dissenting).
This court has never previously treated with the issue raised here and I do not believe that we should adopt the Appellate Division’s reading of CPLR 4102 in Downing v Downing (32 AD2d 350) as the correct one; in my view, the dissenting opinion in that case by former Presiding Justice (then Mr. Justice) Owen McGivern, and joined in by Mr. Justice Louis J. Capozzoli, is more consonant with both the language of the statute and the legislative intention it manifests. A like analysis in Schnur v Gajewski (207 Misc 637 [Matthew M. Levy, J.]) is also persuasive. As Professor David D. Siegel puts it in his Supplementary Practice Commentary, "The Legislative view, insofar as any can be discerned, would apparently uphold Justice McGivern’s dissent” (Siegel, Supplementary Practice Commentaries [1970], McKinney’s Cons Laws of NY, Book 7B, CPLR 4102, Pocket Part [1976-1977], p 54; see, also, 7 Carmody-Wait 2d, NY Prac, § 49:47, pp 537-538; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4102.05, p 41-62.1).
Downing makes the procedure for waiving a jury in a case where one had previously been demanded vulnerable to unilateral opportunism on the part of one party. It does so in place of the far more desirable consensual practice that the statute would appear to require before an earlier "considered and definitive” choice is to be eradicated (Schnur v Gajewski, supra, p 639).
*418 The right to trial by jury in cases such as the one before us is guaranteéd by our State Constitution (NY Const, art I, § 2; art VI, § 18). Procedures for its waiver should be strictly construed. And, until Downing, Trial Judges and trial lawyers so read it (see Siegel, Supplementary Practice Commentaries [1970], op. cit.). No wonder. The statutory language explicitly provides that a "party may not withdraw a demand for trial by jury without the consent of the other parties” (CPLR 4102, subd [a]). It also states expressly that "[a] waiver does not withdraw a demand for trial by jury without the consent of. the other parties” (CPLR 4102, subd [c]). There is nothing ambiguous about these words. Neither logic nor law requires that we freely interpret them as though they were.