Cooke, J. (dissenting).
There should be a reversal and a remittal to Supreme Court to determine whether plaintiff should be granted relief from his failure to demand a jury trial pursuant to CPLR 4102 (subd [e]).
Since the plaintiff in this action filed a note of issue and specifically requested a trial "without jury”, plaintiff should not be entitled to invoke CPLR 4102 (subd [a]), which provides, in part, that "[a] party may not withdraw a demand for trial by jury without the consent of the other parties.” One may accept, as did the Appellate Division both in this action and in Downing v Downing (32 AD2d 350), the interpretation of subdivision (a) as benefiting only those parties who have not filed a demand for a jury trial in reliance on a demand by another party. The problem is, however, that this interpretation of subdivision (a) appears, at least in the instant action, to have read subdivision (e) out of CPLR 4102.
CPLR 4102 (subd [e]) provides: "(e) Relief by court. The court may relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result.”
In the proceeding below, after the Trial Justice had determined that, based on Downing v Downing (supra), the plaintiff could not invoke CPLR 4102 (subd [a]) to prevent defendant Concourse Plaza Syndicates, Inc., from having the action transferred to the Nonjury Calendar, the following colloquy took place:
"Mr. Kagan: Your Honor, may I take exception to your ruling? Your Honor, in view of your prior ruling, may I *419 request, then, under Section 4102, subdivision E, and also under Section 4103, that I be permitted to demand a jury, nunc pro tunc?
"The Court: I believe a granting of that application would be an abuse of discretion, and, accordingly, the application is denied.”
In view of the fact that defendant Concourse Plaza Syndicates, Inc., which moved to transfer the action to the Nonjury Calendar, had been a participant in three prior jury trials (resulting in one mistrial and two reversals by the Appellate Division), it is at least arguable that there would be no "undue prejudice” to the rights of that defendant if the case proceeded to a jury trial. As to the third-party defendant, Flatiron Window Cleaning Company, which was not a participant in the other jury trials, the possible prejudice to said party should also have been considered. Yet, instead of exercising his discretion, the Trial Justice appears to have concluded that it would have been an abuse of his discretion to even consider granting plaintiff relief under CPLR 4102 (subd [e]).
Plaintiff may well have intended to move earlier in this action for relief from his failure to demand a jury trial, but may have decided that such a motion was unnecessary because of the demand by one of defendants and, subsequently, because of each of the three prior jury trials (see Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 4102, Pocket Part [1976-1977], pp 54-55). The record manifests that the Trial Justice eliminated the possibility of relief under subdivision (e), apparently based on his determination that plaintiff could not invoke subdivision (a). Accordingly, there should be a reversal and a remittal to Supreme Court for the purpose of determining whether plaintiff should be afforded relief under CPLR 4102 (subd [e]).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones and Wachtler concur in Per Curiam opinion; Judges Fuchs-berg and Cooke dissent and vote to reverse in separate dissenting opinions.
Order affirmed, with costs. Question certified answered in the affirmative.