■ JOHN N. REGAN, Appellant, v JAMES V. MARTINDALE et al., Respondents.—Order, Supreme Court, New York County, entered June 7, 1979, denying plaintiff's motion for a jury trial, reversed, on the law, with costs and disbursements, and the motion granted. The complaint sets forth six causes of action, the first of which seeks equitable relief. In the second cause of action plaintiff seeks damages for the wrongs pleaded in the first cause. Causes of action three through six are based on a breach of employment contract and the wrongful inducement thereof against diverse defendants and seek damages. It is alleged, without contradiction, that plaintiff's counsel was advised by the calendar clerk that a note of issue containing a jury demand would not be accepted because both legal and equitable causes of action were pleaded. When it was pointed out that plaintiff was entitled to a jury trial on the third through sixth causes of action, the calendar clerk recommended that counsel place upon the note of issue the statement "Plaintiff reserves the right to apply for a jury in the Trial Part without prejudice to defendant's reservation of their rights to oppose such application". A note of issue containing such reservation was accepted for filing. A second note of issue bearing the same reservation was filed four months later inasmuch as plaintiff's application for a preference was granted after the first filing on condition that plaintiff file a note of issue and statement of readiness certifying the case as ready for trial. Twelve days after the case was first called in Trial Term, plaintiff moved for a jury trial on causes of action three through six. Finding that plaintiff had waived his right to a jury trial by failing to comply with the requirements of CPLR 4102 (subd [d]) and 22 NYCRR 660.4 (c) of the Rules of the Supreme Court, New York and Bronx Counties, Trial Term denied the motion. We reverse and grant the motion under the discretionary power provided under CPLR 4102 (subd

[e]). Although it was not the basis of Trial Term's determination, we reject defendants' argument that plaintiff is, in the first instance, not entitled to a jury trial on the latter four causes of action because they arise out of the same transaction as the first two, since the alleged fraudulent cancellation of the agreement and instruments executed in 1960 for which plaintiff seeks equitable relief and damages occurred on October 17, 1975, while the alleged breach of the employment agreement, for which plaintiff claims damages, occurred on November 6, 1975. Thus, there is no waiver by joinder. (See CPLR 4102, subd [c].) Although plaintiff's reservation of right to a jury trial would not normally be countenanced, the peculiar circumstances here warrant the relief sought since no undue prejudice to defendants' rights is asserted. (CPLR 4102, subd [e].) Concur—Sullivan, Lane, Lupiano and Lynch, JJ.

Fein, J., dissents in a memorandum as follows: I would affirm the order appealed from for the reasons stated by Justice Rubin at Trial Term. The statute (CPLR 4102, subd [a]) and the rules (22 NYCRR 660.4 [c]) plainly require that the jury demand be included in the note of issue. CPLR 4102 (subd [a]) further provides: "If no party shall demand a trial by jury as provided herein, the right to trial by jury shall be deemed waived by all parties." There is simply no basis for the procedure adopted by the plaintiff in serving two notes of issue, four months apart, each stating plaintiff requested a trial without jury, subject to the reservation: "Plaintiff reserves the right to apply for a jury in the trial part but without prejudice to defendants' reservation of their rights to oppose such application." There is no warrant for such reservation. To permit it will effectively subvert the waiver provisions of the statute and court rules and interfere with the court's management of its own calendars. Reliance on the calendar clerk's statement does not justify ignoring the plain mandate of the statute and rules. A motion addressed to the court at the time of filing the note of issue would have resolved the question. The majority relies upon CPLR 4102 (subd [e]): "The court may relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party will result." This plainly confers discretion on the Trial Judge. It was not an abuse of discretion for Justice Rubin to deny the application (see *Gonzalez v Concourse Plaza Syndicates,* 51 AD2d 42, affd 41 NY2d 414). We should not interfere with the Trial Judges' management of their overburdened calendars, except in the most exigent circumstances which are not shown here.