■ CHARLES BRIGANDO et al., Respondents, v GRUMMAN AEROSPACE CORPORATION, Appellant. — In an action, *inter alia,* to recover damages for breach of

contract, defendant appeals (1) from an order of the Supreme Court, Nassau County, dated May 20, 1980, which granted plaintiffs' motion to serve and file a late demand for a jury trial *nunc pro tunc,* and (2) as limited by its brief, from so much of a further order of the same court, dated July 7, 1980, as, upon reargument, adhered to the original determination. Appeal from the order dated May 20, 1980, dismissed as academic. That order was superseded by the order granting reargument. Order dated July 7, 1980, reversed insofar as appealed from, order dated May 20, 1980 vacated, and plaintiffs' motion to file a late demand for a jury trial denied. Defendant is awarded one bill of $50 costs and disbursements to cover both appeals. This case involves a controversy which would require testimony as to the alleged ill treatment of the plaintiffs by citizens of Iran while some of the plaintiffs were employed by the defendant and working in that country at a time when there were still friendly relations between Iran and the United States. Plaintiffs served and filed a note of issue which affirmatively stated that they did *not* wish a jury trial, although it is contended that that was done through inadvertence. Thereafter, the defendant demanded a jury trial, but that request has since been withdrawn. Clearly, the defendant was entitled to unilaterally withdraw its request for a jury trial (see *Gonzales v Concourse Plaza Syndicates,* 41 NY2d 414). To allow the plaintiffs to obtain a jury trial at this juncture, after they had waived their right thereto and have offered only the summary conclusion that the failure to file a jury demand was due to "inadvertence and clerical error", would be unjust to the defendant. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.