■ ARTHUR FIDLER, Appellant, v BRUCE R. SULLIVAN et al., Respondents. — Appeal from an order of the Supreme Court at Special Term, entered August 15, 1980 in Albany County, which denied plaintiff's motion to amend the note of issue *nunc pro tunc* so as to provide for a jury trial. The underlying action seeks to recover money damages allegedly sustained by plaintiff by reason of the alleged negligent representation of plaintiff in a personal injury action. Issue was joined on December 5, 1977. A note of issue requesting a trial without a jury by virtue of an "x" being placed in the box indicating such intention was filed November 15, 1979. Simultaneously plaintiff moved for a preference which was granted. Thereafter, on April 28, 1980 at a pretrial conference, the case was set down for a day certain on June 3, 1980. By a notice of motion dated May 8, 1980 the instant motion was brought to amend the note of issue *nunc pro tunc* to provide for a jury trial. Special Term denied the motion on the ground that

the delay that would ensue would be prejudicial to defendants. This appeal ensued. Plaintiff urges reversal based on CPLR 4102 (subd [e]) contending that there is no prejudice since plaintiff had been granted a preference and, consequently, there would be an immediate trial. Defendants argue that they are prejudiced in spite of the preference since the case will assume a position at the bottom of the preferred cases which now include all medical malpractice cases. While leave to demand a jury trial may be granted after waiver, courts are reluctant to grant such leave *nunc pro tunc* where a delay will result (see *Eastern Air Lines v Town of Islip,* 14 AD2d 792). In the present case, the Justice who decided the motion is the Administrative Justice for the Third Judicial District and we must assume that he is cognizant of any possible delay in either the Jury or Nonjury Calendars. Consequently, we are unable to conclude that he abused his discretion in denying the motion (see *Gonzalez v Concourse Plaza Syndicates,* 51 AD2d 42, affd 41 NY2d 414). The order, therefore, must be affirmed. Order affirmed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.