ELLA FREIDUS, Appellant, v DOROTHY EISENBERG, as Trustee in Bankruptcy of TODEM HOMES, INC., Respondent, et al., Defendant.

Respondent served and filed a note of issue which expressly stated that respondent did not wish a jury trial. Plaintiff did not serve and file a demand for a trial by jury within 15 days thereafter. Thus, the right to trial by jury was waived by both parties (see, CPLR 4102 [a]).

Plaintiff subsequently moved, *inter alia,* for leave to serve and file a late notice of demand for a trial by jury pursuant to CPLR 4102 (e). By order dated May 25, 1982, Special Term granted her application, citing the foregoing statutory provision. Plaintiff served and filed the demand approximately three months later.

On or about June 29, 1983, almost one year after serving and filing her belated demand for a jury trial, with the case marked ready for trial, and the jury selection process set to commence within a few days, plaintiff moved to withdraw her demand for trial by jury. On June 27, 1983, both parties had informed the court that they would not consider waiving a jury trial. Special Term denied plaintiff's application, without opinion, and she appeals. We now affirm.

On these facts, Special Term did not abuse its discretion in denying the relief requested. Plaintiff's "eve of trial" motion would have further delayed the already unduly protracted litigation generated by the parties' 1969 real estate transaction. It was an appropriate exercise of discretion under the circumstances for Special Term to have refused to sanction any additional attempts to further delay the trial of the respondent's counterclaim originally interposed in 1978, and which this court, in 1981, severed from the main action and remitted to the Supreme Court, Suffolk County, for trial (*Freidus v Todem Homes,* 80 AD2d 575).

The cases cited by plaintiff, *Gonzalez v Concourse Plaza Syndicates* (41 NY2d 414), *Brigando v Grumman Aerospace Corp.* (78 AD2d 865) and *Downing v Downing* (32 AD2d 350), do not warrant a contrary result. It appears that in each of those cases, a note of issue was served and filed which did not include a demand for trial by jury, whereupon the adverse interests served and filed a demand for a jury trial within the time prescribed by CPLR 4102 (a). Here, both parties waived their right to trial by jury pursuant to CPLR 4102 (a). Plaintiff's subsequent application for leave to file a late demand for a jury trial was granted in the discretion of the court pursuant to CPLR 4102 (e). Since the right to a belated demand for a jury trial was granted at the discretion of the court, withdrawal of the demand was likewise subject to the discretion of the court. In this case, denial of the application to withdraw the jury demand was a warranted exercise of discretion. Lazer, J. P., Bracken, O'Connor and Brown, JJ., concur.