■ EUSTACE TARANTINO, Individually and as Administratrix of the Estate of RALPH TARANTINO, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents.—In an action, *inter alia,* to recover damages for medical malpractice, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Scholnick, J.), dated January 13, 1988, as denied her motion for leave to file a jury demand nunc pro tunc.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1986 the plaintiff filed a note of issue on which her attorney placed an "x" before the words "Trial without jury". Within 15 days of service of the note of issue, the defendant New York City Health and Hospitals Corporation (hereinafter the hospital) served a demand for a jury trial (see, CPLR 4102 [a]) and the action was placed on the Jury Trial Calendar. Not until 1988 did the plaintiff make an application pursuant to CPLR 4102 (e) to be relieved of what the plaintiff concedes was her waiver of the right to a trial by jury (see, Green v Siben, 104 AD2d 923; Brigando v Grumman Aerospace Corp., 78 AD2d 865). Asserting without contradiction that it had notified all parties of its intention to withdraw its jury demand, the hospital cross-moved, with the concurrence of all other defendants, to formally withdraw it. The tacit granting of the cross motion is not at issue on this appeal.

The hospital had a right to withdraw its jury demand under these circumstances without the plaintiff's consent (see, Gonzalez v Concourse Plaza Syndicates, 41 NY2d 414; Brigando v Grumman Aerospace Corp., supra) and the plaintiff has failed to demonstrate that her designation that she preferred a nonjury trial was the product of inadvertence (see, Green v Siben, supra; Joseph v Exxon Corp., 83 AD2d 549; Brigando v Grumman Aerospace Corp., supra). It appears rather that the designation was a conscious attempt to maneuver one or more of the defendants into making a demand (see, Green v Siben, supra; see also, Downing v Downing, 32 AD2d 350, 352). The Supreme Court properly exercised its discretion when it gave effect to the plaintiff's originally expressed preference (cf., Gonzalez v Concourse Plaza Syndicates, supra; see, Joseph v Exxon Corp., supra). Mollen, P. J., Eiber, Sullivan and Harwood, JJ., concur.