■ JOHN J. CONNOLLY, Respondent, v ETHEL J. GRIFFIN, as Public Administrator for New York County, Appellant, et al., Defendants. [607 NYS2d 338] —Order, Surrogate's Court, New York County (Martin Evans, S.), entered January 5, 1993, which denied defendant Ethel J. Griffin's motion to strike plaintiff's demand for a jury trial, unanimously modified, on the law, only to the extent of granting said motion with respect to plaintiff's fourth cause of action seeking to recover his fees for legal services rendered on the basis of quantum meruit and the equitable defenses raised by defendant and, as so modified, the order is otherwise affirmed, without costs.

Plaintiff, formerly one of two attorneys retained by defendant Griffin, the Public Administrator for New York County, seeks, in his second cause of action, to recover for breach of contract based upon defendant's alleged failure to pay his fees for legal services on 32 estates for which he completed and submitted judicial accountings. In his fourth cause of action, he seeks the fair and reasonable value of legal services rendered by him in excess of 1,000 additional estates.

Absent any proof of service of the order transferring this action to the Surrogate's Court, there is no evidence that plaintiff's jury demand was untimely served and filed pursuant to SCPA 502 (2) (b). Moreover, although plaintiff states that his second cause of action for breach of contract and his fourth cause of action arise directly from the same relationship and defendant's alleged failure to pay him legal fees due him, the two causes of action, which have already been severed for trial, arise from entirely separate transactions and, therefore, his right to a jury trial on his legal claims was

not waived *(see,* CPLR 4102 [c]; *Regan v Martindale,* 72 AD2d 676). However, inasmuch as plaintiff, in his fourth cause, seeks recovery under the equitable doctrine of quantum meruit, he has no statutory right to a jury trial on that cause or on the equitable defenses raised by defendant *(see,* CPLR 4101; *Mercantile & Gen. Reins. Co. v Colonial Assur. Co.,* 82 NY2d 248; *see generally,* Siegel, NY Prac § 377 [2d ed]).

We have considered appellant's other points and find them without merit. Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Tom, JJ.