■ TARA S. PFEIFER, Respondent, v MUSIKER STUDENT TOURS, INC., Appellant. [720 NYS2d 121] —Judgment, Supreme Court, Bronx County (Jerry Crispino, J.), entered December 16, 1999, after a nonjury trial, awarding plaintiff damages in the principal amount of $200,000, unanimously modified, on the facts, to vacate the award of damages and direct a new trial on the issue of damages only and otherwise affirmed, without costs, unless plaintiff stipulates, within 30 days of service of this order with notice of entry, to reduce the award of damages to the principal amount of $150,000, and to the entry of an amended judgment in accordance therewith.

The record, including, in particular, plaintiff's testimony, obviously credited by the trial court as trier of the facts, supports findings that the 15-year-old plaintiff, while on a student tour operated by defendant, was compelled by her counselors, over her protestations, to ride a bicycle even though she got off the bike three times. In view of the compulsion, the defense of assumption of risk does not avail defendant (*see, Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658; *DeGala v Xavier High School,* 203 AD2d 187).

Defendant's motion to file a jury demand nunc pro tunc was properly denied upon evidence showing that defendant was properly served with plaintiff's note of issue demanding a nonjury trial, and that plaintiff waived a jury trial specifically in order to avoid the delay involved in waiting for a jury trial (CPLR 4102 [e]; *see, Fidler v Sullivan,* 81 AD2d 733, *lv dismissed* 54 NY2d 601).

The award of $200,000 for plaintiff's injuries, including scars of 1½ centimeters underneath the chin, 3 by 1½ centimeters on the right hip, 3½ by 3½ centimeters on the right elbow and similar scars on the knees materially deviates from what is reasonable compensation to the extent indicated (CPLR 5501 [c]; *cf., Abdulai v Roy,* 232 AD2d 229; *Seidner v Unger,* 245 AD2d 362). Concur—Rosenberger, J. P., Nardelli, Ellerin, Saxe and Friedman, JJ.