■ DURANTE BROS. & SONS, INC., Respondent, v RENTAR INDUSTRIAL DEVELOPMENT CORP. et al., Appellants. (And a Third-Party Action.)—In an action to recover for work, labor, services and materials, defendants appeal from an order of the Supreme Court, Queens County, dated May 21, 1979, which granted plaintiff's motion to dismiss defendants' counterclaims for money damages arising from plaintiff's alleged negligent performance and breach of contract, and denied defendants' cross motion (1) for summary judgment on the complaint, (2) for summary judgment on their counterclaims, (3) to compel Louis Durante, Sr. (of Durante Bros., Inc.) to submit to a pretrial examination (without prejudice to renewal on a showing of necessity therefor), and (4) to consolidate this action with a pending action, to wit, *Carl A. Morse, Inc. v Rentar Ind. Dev. Corp.* (Queens County Index No. 6455/75). Defendants also appeal from so much of a further order of the same court, dated November 9, 1979, as, upon reargument, adhered to the original determination. Appeal from the order dated May 21, 1979 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order dated November 9, 1979 modified by adding to the first decretal paragraph thereof, immediately after the provision adhering to the original determination, the following: "except that the provisions of the order dated May 21, 1979 which granted plaintiff summary judgment dismissing the counterclaims are vacated and plaintiff's motion for such relief is denied." As so modified, said order affirmed insofar as appealed from, without costs or disbursements. We find erroneous Special Term's conclusion that there is no merit to appellants' counterclaims. We find instead that the said counterclaims raise material factual issues which warrant development and disposition at trial. We cannot, on this record, determine the nature of the January 4, 1974 document, whether it consists of a letter of settlement discharging the 1972 contract between appellants and third-party defendant Durante Bros., Inc., or whether it was in the nature of an executory bilateral accord which merely "suspended" the prior contract pending performance under the accord. If at trial it is found that the 1974 letter is an accord, then the counterclaims correctly sound in breach of the 1972 contract (since the aggrieved party may elect to sue on the accord or on the original contract). On the other hand, if it develops that the 1974 letter is in the nature of a settlement, then appellants' allegations in the papers submitted on reargument concerning breach of the said settlement, may result in an award of money damages for such breach. It may be that the counterclaims do not lie against plaintiff because plaintiff is not the "alter ego" (and superseding corporation) of third-party defendant Durante Bros., Inc. However, we agree with Special Term that this issue should be disposed of at trial. Moreover, since Durante Bros., Inc., is now a party to this action (by virtue of plaintiff's impleader), if plaintiff is found liable on the said counterclaims, it could seek judgment over, by way of a claim for contribution or indemnification (since plaintiff performed at least part of the work called for by the 1974 letter), as against Durante Bros., Inc.

We further find correct Special Term's conclusions denying appellants' motion for summary judgment dismissing the complaint, and denying appellants' motion for consolidation of this matter with *Carl A. Morse, Inc. v Rentar Ind. Dev. Corp.* With respect to the former finding, we agree with Special Term that there exist triable issues regarding the nature of the relationship between plaintiff and appellants (i.e., contractual or otherwise), and regarding the extent, if at all, of the nexus between plaintiff and third-party defendant. With respect to the latter finding, we further agree that consolidation of this case with a complex, consolidated mechanic's lien case, is unwarranted, as such would complicate the issues unduly, and would disserve the stated goal of CPLR 602 (subd [a]) of "avoid[ing] unnecessary costs or delay." Hopkins, J. P., Titone, Mangano and Rabin, JJ., concur.