■ Dean Witter Reynolds, Inc., Respondent-Appellant, v David J. Greene et al., as Trustees of Kenilworth Realty Trust, Formerly C. I. Realty Investors, Defendants and Third-Party Plaintiffs-Respondents-Appellants. First State Insurance Company, Third-Party Defendant-Appellant-Respondent. Kenilworth Realty Trust, Formerly C. I. Realty Investors, et al., Appellants-Respondents, v First State Insurance Company, Respondent. C. I. Planning Corporation et al., Appellants-Respondents, v First State Insurance Company, Respondent. — Order of the Supreme Court, New York County (Kirschenbaum, J.), entered January 21, 1981, modified, on the law, the facts and in the exercise of discretion to the extent of reversing that portion of the order which denied the motion of Dean Witter Reynolds, Inc., to sever the third-party action and granting that motion, and, except as so modified, affirmed, without costs. These actions and the third-party action arise out of a public offering made by C. I. Realty Investors (CIRI), now known as Kenilworth Realty Trust (Kenilworth) in April, 1972. CIRI was a Massachusetts real estate investment trust (REIT) and the offering was of shares representing a beneficial interest in the trust. Dean Witter Reynolds, Inc. (Dean Witter), was one of the underwriters. Under the contract between CIRI and the underwriters, CIRI agreed to indemnify the underwriters for a broad variety of acts. Reciprocally, the underwriters agreed to indemnify the trust and the trustees for specified kinds of acts. CIRI and two bodies affiliated with it, C. I. Mortgage Group and C. I. Planning Corporation, undertook to insure themselves against liability arising out of the offering. In 1974, the REIT industry suffered a sharp setback. CIRI was not immune to the general trend. Its shares plummetted from $25 per share in April, 1972 to $2 per share in December, 1974. The almost inevitable consequence followed. A number of shareholders' class actions were brought naming, among others, CIRI and its two affiliated bodies, and Dean Witter. Ultimately, some of these actions were settled with the underwriters paying out somewhat less than $900,000. With this as a background, Dean Witter brought the action denominated as Action No. 1 to recover on the indemnity agreement. CIRI, by now renamed Kenilworth, and its trustees brought a third-party action against its insurer, First State Insurance Company (First State). Additionally, Kenilworth and C. I. Planning Corporation, one of Kenilworth's affiliated groups, brought a separate action to recover from First State their separate contribution to the settlement total in three shareholder class actions. Finally, C. I. Planning Corporation and C. I. Mortgage Group brought a separate action against First State to recover for their contributions to other shareholder class actions. First State moved to dismiss the third-party complaint against it in Action No. 1. Kenilworth cross-moved to consolidate all three actions. Dean Witter cross-moved to sever the third-party action in Action No. 1. Special Term denied all of the motions and cross motions. We modify to the extent only of granting the cross

motion of Dean Witter to sever the third-party claim from the main claim in Action No. 1 and, otherwise, affirm. While on the surface it would appear that consolidation of all three actions is proper because they arise out of a common set of circumstances, the fact is that the agreements giving rise to the alleged liability of Kenilworth and its trustees to Dean Witter and to the alleged liability of First State to Kenilworth and its trustees arise out of different instruments. These instruments define the responsibilities of the parties by different standards. A recovery by Dean Witter against Kenilworth and its trustees does not necessarily give rise to a right by Kenilworth and its trustees to recover against First State. To try the two actions together might well lead to irreparable prejudice. Accordingly, we separate them. The holding that the main action and the third-party action in Action No. 1 shall be tried separately disposes of First State's motion to dismiss the third-party action. So far as Action Nos. 2 and 3 are concerned, they involve different claims. Hence the proof in each case will be different. There is, therefore, no warrant for consolidating them. Notwithstanding our holding that consolidation is improper, we note that there are certain facets of proof in some of these cases which may bear reasonable relationship to each other. We suggest therefore that application be made to the Assistant Administrative Judge of the parts for the trial of civil cases in New York County to have all of these cases assigned to a single Justice who will, by reason of such assignment, be better able to acquaint himself with the over-all picture and with the problems presented by each case. He will be able to decide in what sequence the cases or issues should be tried. This will result in a conservation of judicial time. It will also mitigate the possibility of inconsistent results and will allow for other consequential benefits. Concur — Kupferman, J. P., Sullivan, Silverman, Bloom and Fein, JJ.