OPINION OF THE COURT
David B. Saxe, J.
Seventeen tenants, sued separately in holdover proceedings, commenced under section 53 (subd [e], par [ii]) of the Code of the Metropolitan Hotel Industry Stabilization Association, Inc. (Code), for which jury trials will be requested, have made a motion to consolidate the actions (CPLR 602).
Section 53 (subd [e], par [ii]) of the Code allows a hotel owner to evict a tenant, if, pursuant to a lawful plan to reconstruct, improve or renovate, he fails to move, upon proper notice, to a substantially similar room in the same hotel.
A successful proceeding initially requires as a predicate a finding that the hotel has served notices of termination pursuant to a lawful plan of renovation. Second, there must be a finding that the substitute room offered was substantially similar to the tenant’s present room. If the plan is lawful and if the replacement room has met the test of substantial similarity, an eviction may be ordered.
*437 There are two defenses presented by the tenants. The first involves a determination as to whether the owner’s plan is a lawful plan of renovation under section 53 (subd [e], par [ii]) of the Code or whether it is a plan to convert hotel units into apartments. If the latter, the owner should have brought the eviction cases under section 54 of the Code which requires proof of compliance with the Rent Stabilization Law for every newly created unit. If the court determines that the plan is one to convert units to residential apartments, then all the eviction proceedings must be dismissed. If, however, a determination is made that the plan is a lawful plan of hotel renovation, then that determination would bind the parties in each case.
The second defense, arising only if a finding is made that the action may proceed under section 53 (subd [e], par [ii]) of the Code, revolves around a determination of whether the replacement rooms offered were “substantially similar” to the rooms presently occupied by the respective tenants. This determination requires an individual, factual finding in each case based upon an objective comparison of the present room and the replacement room. (See Barbizon Hotel v McDaniel, 113 Misc 2d 179.)
Should the actions be consolidated? CPLR 602 (subd [a]) states: “When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.”
Consolidation or joinder of trials are procedural devices to promote the economic resolution of similar actions, irrespective of the number of parties involved. (See Tone and Stiller, Joinder of Parties and Consolidation of Multiparty Actions, 1967 Univ of Illinois L Forum 209, 221.) A court considering consolidation is required to render a pragmatic judgment as to the feasibility of fusing two or more separately filed complaints and it must weigh this judgment against the possibility of an unwieldy trial. (Id., at p 222.)
The landlord first opposes consolidation because certain tenants have not served answers. The landlord’s position is *438 incorrect. All that is required is a finding, which I make, that there will be common issues to be decided. (Dasheff v Bath & Tennis Club of Westhampton, 25 Misc 2d 13.)
Next, the landlord argues that consolidation would produce confusion. Specifically, it is contended that a jury could not possibly be expected to listen to, compare testimony and render verdicts involving 17 sets of hotel rooms.
This might be so if I order true consolidation of the 17 cases. If, however, I order a joint trial, the possibilities of confusion are diminished.
“[A] joint trial is particularly helpful where there is a separate issue of fact or law common to two or more cases but there is only one party common to both actions. Examples are the multiple suits arising from a single tort which may injure many persons.” (2 Weinstein-Korn-Miller, NY Civ Prac, par 602.17.) In fact, a joint trial rather than consolidation may be preferred because “the rights of the respective defendants can probably be presented to the jury more easily” (McNamara v Penner, 123 NYS2d 576, 585), thus avoiding confusion. (Bass v France, 70 AD2d 849.) It is not necessary that all questions of law or fact be common to the various actions to support an order of a joint trial. (Thayer v Collett, 41 AD2d 581.)
A consolidation involves a total fusion of two or more separate actions. The old titles of the actions are discarded; instead there is one, new caption. Only one judgment will be entered. Costs will be taxed as a whole. (Vidal v Sheffield Farms Co., 208 Misc 438.)
Through an order of a joint trial, the actions here would also be joined, but not merged. They retain their separate identity. Separate verdicts will be rendered and an individual judgment will be entered in each action. In fact, in summary proceedings, a court is directed (RPAPL 747, subd 1) to enter separate judgments.
I hold that the pending holdover cases should not be consolidated but instead, should be heard through the device of a joint trial under which one action would first be litigated to completion with the rendition of a jury verdict.
The court would, at the outset, determine the applicable question of law — whether section 53 (subd [e], par [ii]) of *439 the Code was the proper basis for the notices to terminate. If a finding was made that the eviction action was properly brought under section 53 (subd [e], par [ii]) of the Code, that finding would bind the other tenants in their separate trials. (See Schwartz v Public Administrator of County of Bronx, 24 NY2d 65; Siegel, New York Practice, § 443.)
The other actions would then be heard, one by one, with a jury verdict at the completion of the testimony in each action. (Siegel, New York Practice, § 127.) This will insure the jury’s comprehension of any factual differences in the rooms offered.
My research indicates no prior decision involving joint trials utilizing the procedure of seriatim verdicts as the separate trials proceed. The authority for my holding is two-fold: (1) CPLR 602 (subd [a]) states in effect that beyond ordering a joint trial in a proper circumstance, a court “may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.” My order here is such an order; and (2) subdivision (c) of section 110 of the New York City Civil Court Act states that the court may employ any legally authorized remedy - or procedure to effectuate housing standards if they will assist in accomplishing compliance with housing standards or if they protect and promote the public interest. My order tracks that mandate.
Settle an order directing a joint trial of the 17 holdover proceedings in the manner indicated in this decision.