■ LEONARD J. BROWN, Individually and as Administrator of the Estate of SHIRLEY BROWN, Deceased, and as Father and Natural Guardian of MARY BROWN and Another, Infants, Respondent, v BROOKLYN UNION GAS COMPANY, Appellant. (And Four Other Actions.)—In an action to recover damages for personal injuries (action No. 1), and actions to recover for legal malpractice (actions Nos. 2, 3 and 4), the defendant in the personal injury action appeals from an order of the Supreme Court, Kings County (Adler, J.), dated October 20, 1986, which granted the plaintiffs' motion for consolidation of all the actions and transferred the consolidated actions to New York County.

Ordered that the order is reversed, without costs, the motion is denied, and venue of the personal injury action is returned to Kings County.

The complaint in the personal injury action alleges injuries to two infant plaintiffs as a result of a gas explosion at a Brooklyn dwelling on February 10, 1970. The complaint originally contained five claims of wrongful death alleged to have resulted from the same explosion. The wrongful death causes of action were dismissed as barred by the Statute of Limitations. The plaintiffs then commenced legal malpractice actions against the defendants attorneys.

Although the personal injury and legal malpractice actions involve "a common question of law or fact" as required by CPLR 602 (a), under the facts of this case consolidation was an improvident exercise of discretion, since a consolidation of this action would be unduly prejudicial to the appellant's right to a fair trial. Accordingly, we reverse.

A trial of the legal malpractice actions would necessarily involve detailed evidence concerning the deaths of the five people and the damages derived therefrom, which evidence might not be admissible at the trial of the personal injury action. Furthermore, the actions involve many dissimilar issues which may confuse the jury. "[S]eparate trials will enable the juries to focus on the factual issues presented as to each [case]" (Shackleford v Mills, 110 AD2d 630). Therefore, the order consolidating the actions is reversed and, due to the absence of any motion by a party to the venue of the personal injury action for change of venue, the venue of the personal injury action is ordered returned to Kings County (see, CPLR 509, 510).

We further recommend, for reasons of judicial economy, that the trial of the personal injury action precede the trial of the legal malpractice actions. Bracken, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.