■ 197 MERRICK ROAD CORP. et al., Respondents, v 185 MERRICK ROAD ASSOCIATES CORP. et al., Appellants, et al., Defendants. (Action No. 1.) MARION EMANUEL, as Administratrix of the Estate of NATHANIEL BRYANT, Deceased, Respondent, v R.V.J. CONSTRUCTION CORP. et al., Appellants; LONG ISLAND WATER COMPANY, Respondent, et al., Defendants. (Action No. 2.)—In an action for injunctive relief and to recover damages for breach of a license agreement (action No. 1), and an action to recover damages for wrongful death (action No. 2), the defendants 185 Merrick Road Associates Corp. and R.V.J. Construction Corp. appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated December 1, 1987, which denied their motion to consolidate the actions.

Ordered that the order is affirmed, with one bill of costs to the respondents in action No. 1 and the plaintiff-respondent in action No. 2 appearing separately and filing separate briefs.

We find unpersuasive the appellants' contention that the Supreme Court erred in denying their application to consolidate the actions. The record indicates that action No. 1 was commenced against the appellants because certain excavation and construction work in which they were involved allegedly violated a license agreement and interfered with the operations of a neighboring business. Conversely, action No. 2 was commenced against the appellants to recover for the injury and death of an excavation worker which allegedly resulted from the appellants' negligence and their violation of certain Labor Law provisions. The appellants have failed to demonstrate that these two disparate actions share any significant common questions of law and fact so as to warrant consolidation or a joint trial (see, CPLR 602 [a]). Moreover, the issues and applicable legal principles in the respective actions are so dissimilar that joinder or consolidation would be of little or no benefit (see, e.g., Gouldsbury v Dan's Supreme Supermarket, 138 AD2d 675). Accordingly, the denial of the application was

not an improvident exercise of discretion *(see, Hutton & Co. v Tretiak,* 140 AD2d 294; *Brown v Brooklyn Union Gas Co.,* 137 AD2d 479). Bracken, J. P., Rubin, Spatt and Sullivan, JJ., concur.