■ H. H. ROBERTSON Co., Respondent, v NEW YORK CONVENTION CENTER DEVELOPMENT CORPORATION, Respondent, and KARL KOCH ERECTING COMPANY, INC., et al., Appellants, et al., Defendants. NEW YORK CONVENTION CENTER DEVELOPMENT CORPORATION, Respondent and Third-Party Plaintiff-Respondent, v KARL KOCH ERECTING Co., INC., et al., Appellants. I. M. PEI & PARTNERS, Third-Party Defendant-Respondent and Fourth-Party Plaintiff-Respondent; WEIDLINGER ASSOCIATES, Fourth-Party Defendant-Respondent.—Order, Supreme Court, New York County (Carmen Ciparick, J.), entered June 22, 1989, which, inter alia, denied a motion by defendants-appellants Karl Koch Erecting Company and Federal Insurance

Company for consolidation of action No. 1 and action No. 2 herein, unanimously affirmed, with costs.

These two actions arose after problems developed in the construction of the New York Convention Center. Action No. 1 was brought by the contractor responsible for installing a curtain wall. The action was originally brought against the Convention Center's owner, various contractors, and various sureties. However, it appears that the action either has been settled or will be settled against most of the parties. Plaintiff in action No. 1 has also indicated to this court that defendant Koch is the primary target. Action No. 2 was brought against Koch by the owner of the Convention Center with respect to problems arising out of the Center's geometric space structure. The owner also commenced a third-party action against the architects of the space structure, who in turn brought a fourth-party action against the structural engineer.

Koch's motion to consolidate action No. 1 and action No. 2 was properly denied. Although both involve the construction of the Convention Center, there are no other common issues of law or fact. Action No. 1 is a contest between that action's plaintiff and Koch concerning the installation of the curtain wall. Action No. 2 involves every aspect of the space structure. The two actions arise out of different contracts (see, Dean Witter Reynolds v Greene, 85 AD2d 551, 552) and involve different parties, different factual issues and different technologies. On the whole, there is no reason to disturb the IAS court's sound exercise of its discretion in denying the motion to consolidate (Inspiration Enters. v Inland Credit Corp., 54 AD2d 839, 840, appeal dismissed 40 NY2d 1014). Concur—Sullivan, J. P., Ross, Rosenberger, Ellerin and Rubin, JJ.