■ J.T. MAURO COMPANY, INC., Respondent, v GENESEE VALLEY GROUP HEALTH ASSOCIATION, Appellant. (Action No. 1.) FLOWER CITY INTERIORS, INC., Respondent, v ROCHESTER GENERAL HOSPITAL et al., Appellants, and STYCO, INC., et al., Respondents. (Action No. 2.)—Appeal from order insofar as it denied reargument unanimously dismissed without costs and

otherwise order affirmed. Memorandum: Supreme Court did not abuse its discretion in denying defendants' cross motion to consolidate. A motion to consolidate is directed to the sound discretion of the court, and the court is afforded wide latitude in the exercise thereof *(see, Pirodsky v Pirodsky,* 179 AD2d 1066; *Inspiration Enters. v Inland Credit Corp.,* 54 AD2d 839, 840, *appeal dismissed* 40 NY2d 1014). Although the two actions sought to be consolidated here stem from the same construction project, consolidation or joint trial would be inappropriate because they present dissimilar claims involving different parties *(see, Robertson Co. v New York Convention Ctr. Dev. Corp.,* 160 AD2d 524, 525; *Brown v Brooklyn Union Gas Co.,* 137 AD2d 479, 480).

Action No. 1 is a claim by one of the subcontractors, J.T. Mauro Company, Inc. (Mauro), against Genesee Valley Group Health Association (GVGHA), the project lessee. That action alleges that GVGHA had a separate agreement and therefore an independent duty to pay Mauro the amount claimed on its subcontract. Action No. 2, on the other hand, is a lien foreclosure action commenced by Flower City Interiors, Inc. and certain other lienors pursuant to the Lien Law. By reason of its lien, Mauro is named as a defendant in Action No. 2 (Lien Law § 44 [1]). In cross-moving for partial summary judgment in Action No. 2, the lienors sought a pro rata distribution of those funds which were abandoned by the general contractor's trustee in bankruptcy representing the final payment due the general contractor on the project.

The sole argument raised by GVGHA and the remaining non-lienor defendants in support of consolidation and in opposition to the lienors' cross motion for partial summary judgment in Action No. 2 is that the outcome of that action is dependent upon the extent of Mauro's recovery in Action No. 1. Supreme Court correctly determined that Action No. 1 is based on a separate agreement by GVGHA to pay Mauro. Therefore, any recovery by Mauro in Action No. 1, in excess of its pro rata share of the lien fund, would be paid solely by GVGHA and not out of the trust funds to be used to satisfy the lienors' claims in Action No. 2. Thus, GVGHA's reliance on Lien Law § 4 is misplaced. Supreme Court properly determined that Mauro's claim for damages against GVGHA in Action No. 1 shall be reduced to the extent of its recovery from the lien fund proceeds in Action No. 2.

Inasmuch as no new facts were asserted, GVGHA's cross motion to renew is more properly characterized as one for reargument, the denial of which is not appealable *(see, Lind-*

say v Funtime, Inc., 184 AD2d 1036 [decided herewith]; *Pennino v Lasersurge, Inc.*, 178 AD2d 939; *Weinfeld v Roth Assocs.* [appeal No. 1], 177 AD2d 977). (Appeal from Order of Supreme Court, Monroe County, Curran, J.—Consolidation.) Present— Denman, P. J., Boomer, Lawton, Fallon, and Doerr, JJ.