■ GERALD J. STEPHENS, et al., Respondents, v ALLSTATE INSURANCE COMPANY et al., Appellants, et al., Defendants.—In an action by a group of health care providers, *inter alia,* to recover moneys allegedly due them as assignees of insureds under Insurance Law article 51 for services rendered which are not scheduled as reimbursable under New York State Insurance Department fee schedules, the defendants Allstate Insurance Company, Liberty Mutual Insurance Company and Royal Insurance Company of America appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated March 12, 1990, which, *inter alia,* (1) denied their cross motion for removal of certain other actions and consolidation of those actions with the instant action, and (2) denied the motion of the defendant Allstate Insurance Company for removal of certain actions pending in Civil Court, Richmond County, brought by the plaintiff Gerald J. Stephens, D.C., and consolidation of those actions with the instant action.

Ordered that the order is affirmed, with costs.

The plaintiffs, four chiropractors and a medical doctor, brought this action, as assignees, against various insurance companies for reimbursement for professional services (partic-

ularly, thermography and electromyography [hereinafter EMG] tests) rendered to patients under Insurance Law article 51 (hereinafter the No-Fault Law) after the insurance companies had, in whole or in part, denied the submitted claims. At that time, the New York State Insurance Department had not yet established fee schedules for the particular tests for which the plaintiffs sought to be reimbursed. Three of the insurance companies, Allstate Insurance Company, Liberty Mutual Insurance Company, and Royal Insurance Company, moved to consolidate this action with other actions against them of a similar nature (i.e., where they had denied claims for thermography or EMG's under the No-Fault Law) brought by chiropractors mainly in Nassau County, Queens County, and Richmond County. Allstate also moved separately to consolidate certain actions brought by the plaintiff Stephens (one of the plaintiffs in the present action) in the Civil Court, Richmond County, seeking similar relief arising out of different claims.

We find that the Supreme Court did not improvidently exercise its discretion in denying that relief. It is well settled that a motion for consolidation is addressed to the sound discretion of the trial court, and absent a showing of substantial prejudice by the party opposing the motion, consolidation is proper where there are common questions of law and fact (see, Zupich v Flushing Hosp. & Med. Ctr., 156 AD2d 677; T T Enters. v Gralnick, 127 AD2d 651; Marshall v Monegro Investors, 132 AD2d 651). However, in this case, we find no reason to disturb the court's sound exercise of its discretion denying consolidation. The actions arise out of separate incidents and separate claims by the plaintiffs (see, Robertson Co. v New York Convention Ctr. Dev. Corp., 160 AD2d 524; see also, Bender v Underwood, 93 AD2d 747). Additionally, consolidation might prove too unwieldy (see, Barbilex Assocs. v Pesaitis, 113 Misc 2d 436), and the resulting delay would substantially prejudice the plaintiffs (see, Pierce v International Harvester Co., 65 AD2d 254, 258).

We find it unnecessary to reach any other issue. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.