■ FIDELITY NEW YORK FSB, Respondent, v BRIAN H. MADDEN, Appellant, and FRANK SANTORA et al., Respondents. [643 NYS2d 1020]

Although it is well settled that a court directing appointment of a Referee is empowered to specify or limit the scope of a Referee's powers (CPLR 4311; *see, Chang v Chang,* 190 AD2d 311, 319; *McCormack v McCormack,* 174 AD2d 612), in this case the Supreme Court's January 4, 1993, order of reference did not preclude the Referee from considering the appellant's claim that he had satisfied the judgment docketed against him on January 5, 1988 by, among others, the defendant Demar Packing Corp., and any evidence with respect to that issue. The referee's finding that the appellant had satisfied the January 5, 1988, judgment is supported by the record. Therefore, the court should have granted the appellant's motion to confirm the Referee's report *(see generally, Kaplan v Einy,* 209 AD2d 248, 251; *Plaza Funding Corp. v J. C. Dev. Corp.,* 155 AD2d 298; *Kardanis v Velis,* 90 AD2d 727). Miller, J. P., O'Brien, Ritter and Copertino, JJ., concur.