■ Rosanna D'Abreau, Appellant, v American Bankers Insurance Company of Florida et al., Respondents. (Action No. 1.) Rosanna D'Abreau, Appellant, v Doctors Officenter et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. Ruco Polymer Corporation, Third-Party Defendant-Appellant. (Action No. 2.) [690 NYS2d 655] —In Action No. 1 to recover insurance proceeds for an alleged accidental death, and Action No. 2 to recover damages, *inter alia,* for the wrongful death of Barry D'Abreau, the plaintiff in both actions, and the defendants in Action No. 2 Doctors Officenter, Bryan S. Blaustein, and Amoco Chemical Co., and the third-party defendant in Action No. 2 separately appeal from an order of the Supreme Court, Nassau County (O'Connell, J.), dated March 23, 1998, which granted the motion of the defendants in Action No. 1 to consolidate the actions pursuant to CPLR 602.

Ordered that the order is reversed, with one bill of costs, and the motion is denied.

The plaintiff, individually, brought Action No. 1 to recover the insurance proceeds from American Bankers Insurance Company and Bankers American Life Assurance Co. for the alleged accidental death of her husband immediately after a chemical spill at his place of employment. The plaintiff, as administrator of her deceased husband's estate, brought Action No. 2 to recover damages for his wrongful death, alleging that his physician and his associates were negligent in rendering treatment. The same action alleged that the chemical manufacturer was liable under a theory of strict products liability. Certain defendants in Action No. 2 commenced a third-party action asserting negligence claims against the decedent's

employer and sought contribution, reimbursement, and/or indemnification if a judgment were to be entered against them.

Upon motion, the power to order consolidation or a joint trial rests in the sound discretion of the court (see, *McDutchess Bldrs. v Dutchess Knolls,* 244 AD2d 534), where common questions of law or fact exist, absent prejudice to a substantial right of the opposing party (see, *Stephens v Allstate Ins. Co.,* 185 AD2d 338). However, despite the common issue of fact shared by the actions, under all the circumstances, the issues and applicable legal principles in the respective actions are so dissimilar (see, *Gouldsbury v Dan's Supreme Supermarket,* 138 AD2d 675), and the trial may prove so unwieldy (see, *Barbilex Assocs. v Pesaitis,* 113 Misc 2d 436), that consolidation or a joint trial will result in jury confusion and prejudice the right of the appealing parties to a fair trial (see, *Brown v Brooklyn Union Gas Co.,* 137 AD2d 479. Thus, we conclude, that the order appealed from was an improvident exercise of discretion (see, *Berman v Greenwood Vil. Community Dev.,* 156 AD2d 326). S. Miller, J. P., Sullivan, Joy and Altman, JJ., concur.