M & K COMPUTER CORP., Appellant, v MBS INDUSTRIES, INC., Defendant, and PATRICK LoPRESTI, Individually and as President and Representative of Local One, Amalgamated Lithographers of America, Respondent. (Action No. 1.) PATRICK LoPRESTI, Invidivually and as President and Representative of Local One, Amalgamated Lithographers of America, Respondent, v MARCUM & KLIEGMAN et al., Appellants. (Action No. 2.) [706 NYS2d 194] —In an action, *inter alia*, to recover damages for breach of a noncompetition clause and tortious interference with a contractual relationship, which was commenced in the Supreme Court, Nassau County (Action No. 1), and an action to recover damages for fraud, pending in the Supreme Court, New York County (Action No. 2), the plaintiff in Action No. 1 and the defendants in Action No. 2 appeal from an order of the Supreme Court, Nassau County (McCarty, J.), dated June 3, 1999, which granted the motion of Patrick LoPresti, a defendant in Action No. 1 and the plaintiff in Action No. 2, to consolidate the actions and transferred venue of the consolidated action to New York County.

Ordered that the order is reversed, with costs, the motion is denied, and the Clerk of the Supreme Court, New York County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all the papers filed in Action No. 1 (*see,* CPLR 511 [d]).

It was an improvident exercise of discretion to consolidate the action pending in the Supreme Court, Nassau County, with the action pending in the Supreme Court, New York County, since, as a result of the consolidation, certain parties would appear as both plaintiff and defendant in the consolidated action (*see, Bass v France,* 70 AD2d 849). Moreover, there is an insufficient identity of factual or legal issues in the actions to warrant consolidation (*see,* CPLR 602 [a]; *Mauro Co. v Genesee Val. Group Health Assn.,* 184 AD2d 998; *Dunkin' Donuts v*

*Reyes Corp.,* 166 AD2d 908). O'Brien, J. P., Altman, Fried-
mann, McGinity and Smith, JJ., concur.