■ KATHLENE SKELLY et al., Respondents, et al., Plaintiffs, v SACHEM CENTRAL SCHOOL DISTRICT et al., Appellants, et al., Defendant. [766 NYS2d 108] —In a consolidated action, inter alia, to recover damages for negligent hiring, etc., the defendants Sachem Central School District and Gary Jarvis separately appeal from (1) an order of the Supreme Court, Suffolk County (Cohalan, J.), dated August 14, 2002, which granted the motion of the plaintiffs Kathlene Skelly, an infant, by her father and natural guardian Thomas M. Skelly, and Thomas M. Skelly, individually, for an order consolidating their action with an action entitled *Colon v Jarvis,* pending in the Supreme Court, Suffolk County, under Index No. 23730/94, and (2) an order of the same court dated November 6, 2002, which granted the motion of the plaintiffs Kathlene Skelly, an infant, by her father and natural guardian Thomas M. Skelly, and Thomas M. Skelly, individually, for leave to file a late jury demand nunc pro tunc.

Ordered that the orders are reversed, on the law and as a matter of discretion, with one bill of costs, the motions are denied, and the original captions are restored.

The power to order consolidation rests in the sound discretion of the court and should be granted in the interest of judicial economy where common issues of law or fact exist (*see D'Abreau v American Bankers Ins. Co. of Fl.,* 261 AD2d 501, 502 [1999]; *McDutchess Bldrs. v Dutchess Knolls,* 244 AD2d 534, 535 [1997]). However, where prejudice to a substantial right is shown by the party opposing the motion, consolidation should not be granted even if common questions of law or fact exist (*see Glussi v Fortune Brands,* 276 AD2d 586, 587 [2000]; *Stephens v Allstate Ins. Co.,* 185 AD2d 338, 339 [1992]). De-

spite the common issues shared by the actions at bar, under all of the circumstances; including the disparity between the stages of litigation to which each case has progressed (see *Gouldsbury v Dan's Supreme Supermarket,* 138 AD2d 675 [1988]), and the fact that a joint trial may prove unwieldy (see *Stephens v Allstate Ins. Co., supra)*, consolidation will result in jury confusion and prejudice the rights of the appealing parties to a fair trial (see *Brown v Brooklyn Union Gas Co.,* 137 AD2d 479, 480 [1988]). Consolidation here would not further the stated goal of CPLR 602 (a) of "avoiding unnecessary costs or delay" (see *Durante Bros. & Sons v Rentar Indus. Dev. Corp.,* 76 AD2d 825, 826 [1980]). Thus, the Supreme Court improvidently exercised its discretion in granting the motion for consolidation (see *D'Abreau v American Bankers Ins. Co. of Fl., supra).*

A motion pursuant to CPLR 4102 (e) for an extension of time to file a demand for a jury trial must be based upon a factual showing that the earlier waiver of that right was the result of either inadvertence or other excusable conduct indicating a lack of intention to waive such right (see *Behrmann v Heinz Pet Prods.,* 215 AD2d 619 [1995]; *Tarantino v City of New York,* 148 AD2d 601, 602 [1989]; *Green v Siben,* 104 AD2d 923 [1984]; *Joseph v Exxon Corp.,* 83 AD2d 549 [1981]; *Brigando v Grumman Aerospace Corp.,* 78 AD2d 865, 866 [1980]). The Supreme Court improvidently exercised its discretion in granting the motion in view of the moving plaintiffs' failure to make an adequate factual showing that the filing of the note of issue affirmatively requesting a trial without a jury and without payment of a jury fee was inadvertent or the result of clerical error. Indeed, the moving plaintiffs demonstrated that it was their attorney's standard office practice not to request a jury trial on the assumption that the defendants would do so and pay the fee therefor. Smith, J.P., Crane, Mastro and Rivera, JJ., concur.