■ KENNETH HOOD, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants, and WILLIAM RICHARDS, Respondent. (Action No. 1.) WILLIAM RICHARDS et al., Respondents, v CITY OF NEW YORK, Appellant. (Action No. 2.) [777 NYS2d 685]—

In two related actions, inter alia, to recover damages for personal injuries, etc., Shawn Kee, a defendant in Action No. 1, and the City of New York, a defendant in both actions, appeal from an order of the Supreme Court, Richmond County (Mega, J.), dated September 29, 2003, which denied their motion, in effect, for a joint trial.

Ordered that the order is reversed, on the law and as a matter of discretion, and the motion is granted, with one bill of costs payable by the respondents appearing separately and filing separate briefs.

This matter involves two separate actions arising out of an intersection collision between a police car responding to an emergency, with its emergency lights and siren activated, and a private car. Kenneth Hood was a passenger in the police car. He brought Action No. 1 against, among others, the City of New York and Shawn Kee, the police officer driver of that car, claiming damages under General Municipal Law § 205-e. He is also suing William Richards, an off-duty police officer, who was the driver of the second car, and a plaintiff in Action No. 2, under principles of common-law negligence. The Supreme Court denied the appellants' motion, in effect, for a joint trial. We find that to have been an improvident exercise of discretion and reverse.

Under the unique factual circumstances of this case, common questions of fact and law exist, including how the accident occurred and whether or not Kee acted recklessly. Any prejudice that may exist can be minimized by the proper framing of the jury interrogatories (*see Zupich v Flushing Hosp. & Med. Ctr.,*

156 AD2d 677 [1989]; *Chiacchia v National Westminster Bank,* 124 AD2d 626 [1986]; *cf. Skelly v Sachem Cent. School Dist.,* 309 AD2d 917 [2003]; *D'Abreau v American Bankers Ins. Co. of Fla.,* 261 AD2d 501 [1999]). Accordingly, the motion, in effect, for a joint trial should have been granted. Florio, J.P., Schmidt, Adams and Fisher, JJ., concur.