■ AMERICAN HOLDINGS INVESTMENT CORP., Plaintiff, v YVONNE JOSEY, Respondent. VINCENT LONGOBARDI, Nonparty Appellant. (Action No. 1.) YVONNE JOSEY, Respondent, v DINO JAMES, Defendant. VINCENT LONGOBARDI, Nonparty Appellant. (Action No. 2.) [899 NYS2d 252]—

In an action to foreclose a mortgage and for related relief (action No. 1), and a related action sounding in fraud and to impose a constructive trust (action No. 2), the nonparty Vincent Longobardi, as assignee of the interest in surplus money due to Yvonne Josey in action No.1, appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated September 24, 2008, which granted the motion of Yvonne Josey to consolidate the actions and denied his motion in action No. 1 to confirm a referee's report dated August 31, 2007, which, following a hearing, inter alia, recommended that all surplus money be distributed to him.

Ordered that the order is reversed, on the law, with costs, the motion of Yvonne Josey to consolidate the actions is denied, the motion of Vincent Longobardi to confirm the referee's report is granted, and the matter is remitted to the Supreme Court, Kings County, for distribution of the surplus money to Vincent Longobardi.

Yvonne Josey is the defendant mortgagor in action No. 1, a foreclosure action. Eventually, the mortgaged property was sold at a foreclosure sale, and the referee reported that there were surplus funds of $207,287.22. Those surplus funds were ultimately deposited with the City of New York.

Following the public sale of the foreclosed property, Josey executed a power of attorney dated January 20, 2004, giving her son, Dino James, the authority "to take and [sic] any steps, sign any documents and collect any money with reference to the foreclosure action . . . including, but not limited to any surplus money proceedings in said action." On March 30, 2004, James, as attorney in fact for Josey, executed an "Assignment of Claim for Surplus Monies" in favor of the appellant, Vincent Longobardi. In return for the assignment, Longobardi paid James the sum of $99,740. James allegedly never turned that sum over to Josey.

After Longobardi moved to confirm the referee's report of sale and for an order of distribution directing that the $207,287.22 in surplus funds be distributed to him by virtue of the assignment, Josey moved, inter alia, for the appointment of a referee to determine how much money was due her and that the surplus funds be distributed to her on the ground that James fraudulently induced her to execute the power of attorney by misrepresenting that he was getting a loan to pay off the outstanding mortgage. Ultimately, the Supreme Court ap-

pointed Blaise F. Parascandola as the referee to determine the disposition and rights to the surplus funds.

Following a hearing pursuant to RPAPL 1361, the referee issued a report dated August 31, 2007, wherein he determined that contrary to Josey's contention, no reservation was made in the power of attorney indicating that the power was only for the purpose of obtaining refinancing. The referee added that Josey's fraud claim would only be allowable against James and that "[n]o such claim was being made by Josey against [appellant]." He also noted that while Josey appeared to satisfy the criteria for the imposition of a constructive trust, she "has not interposed a cause of action, has not entertained a counterclaim or a third party action or commenced a separate action for fraud against Dino James." The referee further determined that the appellant was a bona fide purchaser for value and concluded that the appellant had the "prior lien for the surplus . . . to the exclusion of [Josey]." The referee also concluded that "[t]his court appears to have no jurisdiction in this surplus money proceeding to adjudicate the claim of Defendant Yvonne Josey to the surplus monies against Dino James" as James was not named as a defendant in action No. 1. The referee stated that the recommendation was without prejudice to Josey pursuing her claim to the surplus money in a separate action. By notice of motion dated September 12, 2007, Longobardi moved to confirm the referee's report, and have the surplus funds released to him.

On September 24, 2007, Josey commenced action No. 2 against Dino James only, and simultaneously moved to consolidate that action with action No. 1, the foreclosure action. Josey's motion was referred to the justice presiding over action No. 1. In the order appealed from, the Supreme Court granted Josey's motion and denied Longobardi's motion. The Supreme Court found that Josey would be severely prejudiced if her allegations of a constructive trust were not considered in assigning the interests in the surplus money, whereas Longobardi had not shown prejudice. The Supreme Court rejected the referee's finding that the appellant was a bona fide purchaser for value. Longobardi appeals, arguing that the referee's findings are substantially supported by the record and that the Supreme Court improvidently exercised its discretion in granting the consolidation motion. We agree and reverse.

RPAPL 1361 (2) provides that the Supreme Court, by reference or otherwise, shall ascertain the amount due to any claimants and the priority of any liens for purposes of the distribution of surplus money. Furthermore, a "referee may inquire

into and determine all questions of law and fact, usury, fraud or the like, and every question tending to show the equities of the claimant, to the end that it may be decided in such proceedings finally and on the merits to whom such surplus money belong" (*Wilcox v Drought*, 36 Misc 351, 352-353 [1901], *affd* 71 App Div 402 [1902]; *see Shankman v Horoshko*, 291 AD2d 441, 442 [2002]; *Citibank v Schroeder*, 266 AD2d 332, 333 [1999]; *Corporate Inv. Co. v Mount Vernon Metal Prods. Co., Inc.*, 206 App Div 273, 276 [1923]).

In this instance, the issue of Longobardi's status as a bona fide purchaser was raised before the referee, who concluded, in the face of Josey's opposition, that he was. James's authority to assign Josey's interest was encompassed in the plain language contained in the power of attorney giving James the power to take "any" steps, sign "any" documents and collect "any" money "with reference to the . . . surplus money proceedings." This is consistent with the principle that "a person with a vested interest or lien upon the land may assign or convey that interest, and that such an assignment or conveyance will be recognized in a surplus money proceeding" (*Chase Manhattan Mtge. Corp. v Hall*, 18 AD3d 413, 414 [2005]; *see Shankman v Horoshko*, 291 AD2d at 441). Even if the power of attorney had contained language relating to refinancing, James's authority to act in that regard would have been circumscribed because the mortgagor's right of redemption was extinguished once the property was sold at the foreclosure sale, "even though no deed had been delivered to the purchaser" (*Chase Manhattan Mtge. Corp. v Harper*, 54 AD3d 987, 988 [2008]).

Since the power of attorney, on its face, granted James the authority to assign Josey's interest in the surplus funds, and since there is no allegation that the appellant had actual or constructive notice of Josey's adverse claim, it cannot be said that the appellant had "knowledge of facts that would lead a reasonably prudent purchaser to make inquiry" (*Bachurski v Polish & Slavic Fed. Credit Union*, 33 AD3d 739, 741 [2006]). Accordingly, the record supports the referee's finding that Longobardi is a bona fide purchaser.

Contrary to the Supreme Court's finding, the consideration paid by Longobardi for the assignment does not shock the conscience of the court as to be deemed inadequate (*see Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d 400, 408 [1983]; *Federal Deposit Ins. Corp. v Forte*, 144 AD2d 627, 631 [1988]). Furthermore, while the Supreme Court pointed to the fact that Longobadri took the assignment from James after the sale as an indication of fraud, it ignored Josey's action in

also executing the apparently unlimited general power of attorney after the foreclosure sale took place. Finally, we note Josey's failure to name Longobardi as a defendant in action No. 2, her action to impress a constructive trust on the surplus funds, notwithstanding her awareness of him by way of her participation in the proceeding before the referee. Thus, the referee's determination that Longobardi was a bona fide purchaser is correct.

Since there are no common issues of fact or law here, consolidation would not further the stated goal of CPLR 602 (a) of "avoiding unnecessary costs or delay" (*see Skelly v Sachem Cent. School Dist.*, 309 AD2d 917, 918 [2003]; *Stephens v Allstate Ins. Co.*, 185 AD2d 338 [1992]).

Based on this record, Longobardi's motion to confirm the referee's report should have been granted (*see Shankman v Horoshko*, 291 AD2d at 442; *Chase Manhattan Mtge. Corp. v Hall*, 18 AD3d at 415; *Fidelity N.Y. v Madden*, 228 AD2d 473 [1996]) and Josey's motion to consolidate should have been denied (*see Skelly v Sachem Cent. School Dist.*, 309 AD2d at 918; *Stephens v Allstate Ins. Co.*, 185 AD2d at 339). Accordingly, the matter is remitted to the Supreme Court, Kings County, to distribute the surplus money to Longobardi. Dillon, J.P., Florio, Hall and Sgroi, JJ., concur.