■ HELGA MORPURGO, Also Known as CHRISTINE STANLEY, Respondent, v ANNSELM MORPURGO, Also Known as ANNA SELMA VINJE MORPURGO, Appellant, et al., Defendants. [909 NYS2d 740]—

In an action, inter alia, for the partition and sale of real property, the defendant Annselm Morpurgo appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated July 8, 2009, as denied her motion to set aside the sale of the subject property.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

By order dated October 15, 2004, the Supreme Court, inter alia, granted the plaintiff's motion, among other things, to appoint a referee to sell the subject property, located at 6 Union Street in Sag Harbor, at auction. In a subsequent order dated March 15, 2005, the Supreme Court appointed a referee to conduct the sale in accordance with certain terms (hereinafter the terms of sale).

By order dated August 7, 2007, the Supreme Court set the minimum bid for the property at $900,000 and directed the net proceeds to be distributed in equal 37.5% shares to the plaintiff and the defendant, with the remaining 25% of the proceeds to be deposited with the Suffolk County Treasurer pending further determination of the Supreme Court.

After the referee failed to obtain a successful bid at the first three auctions of the property, he accepted a bid at a fourth auction on October 12, 2007, in the amount of $1,460,000, which amount exceeded the minimum bid by more than 60%. The sale closed on April 3, 2008, after the referee granted the purchaser three extensions of the closing date and imposed 9% interest on the purchase price from the initial date set for closing until the date on which the closing occurred.

The Supreme Court properly denied the defendant's motion to set aside the sale of the property based on the referee's extensions of the initial date set for closing (*see* CPLR 2003; *Mortgage Elec. Registration Sys., Inc. v Schotter*, 50 AD3d 983, 984 [2008]), and the alleged inadequacy of the sale price (*see American Holdings Inv. Corp. v Josey*, 71 AD3d 927, 930 [2010]; *Bankers Fed. Sav. & Loan Assn. v House*, 182 AD2d 602 [1992]). The terms of sale contemplated an adjournment of the closing date, subject to the imposition of 9% interest on the purchase price, which the referee properly assessed and collected from the original date set for closing until the date on which the closing occurred. Furthermore, the defendant effectively ratified the sale and forfeited her right to dispute the transaction by accepting 37.5% of the proceeds of sale, which proceeds exceeded the minimum bid established by the Supreme Court by more than 60% (*cf. Beutel v Beutel*, 55 NY2d 957, 958 [1982]; *Matter of Hendrick Hudson Cent. School Dist. v Falinski*, 71 AD3d 769 [2010]; *Weissman v Weissman*, 42 AD3d 448 [2007]).

The defendant's remaining contentions are either without merit or not properly before this Court. Rivera, J.P., Skelos, Chambers and Roman, JJ., concur.