In an action to recover damages for breach of contract (action *691 No. 1), and a related action, inter alia, to recover damages for legal malpractice (action No. 2), White Plains Avenue, LLC, James H. Bason, Jr., and William Brown, Jr., appeal from so much of an order of the Supreme Court, Westchester County (Adler, J.), entered March 6, 2012, as denied their motion pursuant to CPLR 602 (a) to consolidate the actions.
Ordered that the order is affirmed insofar as appealed from, with costs.
“Where common questions of law or fact exist, a motion to consolidate or for a joint trial pursuant to CPLR 602 (a) should be granted absent a showing of prejudice to a substantial right by the party opposing the motion” (Perini Corp. v WDF, Inc., 33 AD3d 605, 606 [2006]; see Brown v Cope Bestway Express, Inc., 99 AD3d 746, 747-748 [2012]; Alizio v Perpignano, 78 AD3d 1087, 1088 [2010]; Mas-Edwards v Ultimate Servs., Inc., 45 AD3d 540 [2007]). Here, although the action to recover damages for breach of contract (hereinafter action No. 1) and the action, inter alia, to recover damages for legal malpractice (hereinafter action No. 2) involve a common question of fact, action No. 2 involves numerous additional allegations of professional negligence that are irrelevant to action No. 1. Furthermore, the issues and applicable legal principles in the respective actions are so dissimilar, and the trial may prove so unwieldy, that consolidation will result in jury confusion and prejudice the respondents’ right to a fair trial (see D'Abreau v American Bankers Ins. Co. of Fla., 261 AD2d 501, 502 [1999]; 197 Merrick Rd. Corp. v 185 Merrick Rd. Assoc. Corp., 152 AD2d 551 [1989]; Gouldsbury v Dan’s Supreme Supermarket, 138 AD2d 675, 676 [1988]; Brown v Brooklyn Union Gas Co., 137 AD2d 479, 480 [1988]). Accordingly, the Supreme Court properly denied the appellants’ motion pursuant to CPLR 602 (a) to consolidate the actions.
Angiolillo, J.P, Balkin, Austin and Miller, JJ., concur.