Cromwell v CRP 482 Riverdale Ave., LLC (2018 NY Slip Op 05137)





Cromwell v CRP 482 Riverdale Ave., LLC


2018 NY Slip Op 05137


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-00206
 (Index No. 7742/13)

[*1]Jerome Cromwell, et al., plaintiffs-respondents,
v
CRP 482 Riverdale Avenue, LLC, et al., appellants; New York City Health and Hospitals Corp., et al., nonparty-respondents.


Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Matthew J. Zizzamia of counsel), for appellants.
Kenneth J. Ready, Mineola, NY (Gregory S. Gennarelli of counsel), for plaintiffs-respondents.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Eric Lee of counsel), for nonparty-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Donald Scott Kurtz, J.), dated November 1, 2016. The order denied the defendants' motion pursuant to CPLR 602(a) to join for trial this action with an action entitled Cromwell v Brookdale University Hospital Medical Center, pending in the Supreme Court, Kings County, under Index No. 3490/14.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff Jerome Cromwell (hereinafter the injured plaintiff) allegedly injured his foot when he stepped in a rodent hole on property owned by the defendant CRP 482 Riverdale Avenue, LLC, and managed by the defendant Liberty Place Property Management, LLC (hereinafter together the property defendants). The injured plaintiff, and his wife suing derivatively, subsequently commenced this action against the property defendants, seeking damages on theories of negligent maintenance of the property, nuisance, and breach of the warranty of habitability under Real Property Law § 235-b. Approximately one year later, the plaintiffs commenced a separate action against Brookdale University Hospital Medical Center, as well as New York City Health and Hospitals Corp. and Kings County Hospital Center (hereinafter together the City defendants), based on their treatment of Cromwell's foot injury, seeking damages under theories of medical malpractice and lack of informed consent.
Discovery was thereafter completed in this action, and a note of issue was filed certifying that the matter was ready for trial. More than nine months later, and almost 2½ years after the commencement of the second action, the property defendants moved pursuant to CPLR 602(a) to join for trial this action with the second action. At that time, little discovery had taken place in the second action. The plaintiffs and the City defendants opposed the motion. The Supreme Court denied the motion, and the property defendants appeal. We affirm.
"When actions involving a common question of law or fact are pending before a [*2]court, the court, upon motion, may order a joint trial of any or all the matters in issue" (CPLR 602[a]; see Moses v B & E Lorge Family Trust, 147 AD3d 1043, 1045; Oboku v New York City Tr. Auth., 141 AD3d 708, 709; Lecorps v Bromberg, 127 AD3d 931, 932). The determination of such a motion is addressed to the sound discretion of the trial court (see Lansky v Bate, 132 AD3d 737, 738; Hanover Ins. Group v Mezansky, 105 AD3d 1000; Lingfei Sun v City of New York, 99 AD3d 673, 674). Denial of the motion may be warranted where common questions of law or fact are lacking (see Weiss & Biheller, MDSE, Corp. v Preciosa USA, Inc., 127 AD3d 1176; Heydt Contr. Corp. v Tishman Constr. Corp. of N.Y., 163 AD2d 196, 197), where the actions involve dissimilar issues or disparate legal theories (see Gouldsbury v Dan's Supreme Supermarket, 138 AD2d 675, 675-676; Brown v Brooklyn Union Gas Co., 137 AD2d 479, 480), or where a joint trial would substantially prejudice an opposing party (see Skelly v Sachem Cent. School Dist., 309 AD2d 917, 918; Continental Bldg. Co. v Town of N. Salem, 150 AD2d 518) or pose a risk of confusing the jury or rendering the litigation unwieldy (see County of Westchester v White Plains Ave., LLC, 105 AD3d 690, 691; D'Abreu v American Bankers Ins. Co., 261 AD2d 501, 502).
Here, the Supreme Court providently exercised its discretion in denying the property defendants' motion for a joint trial given the limited commonality between the two actions, the disparate legal theories and dissimilar issues they involve, the very different procedural stages of the two actions at the time the motion was made, and the potential prejudice to the opposing parties as well as the risks of juror confusion and unwieldy litigation if a joint trial was granted (see Weiss v Biheller, MDSE, Corp. v Preciosa USA, Inc., 127 AD3d at 1176; County of Westchester v White Plains Ave., LLC, 105 AD3d at 691; Suckishvili v Visiting Nurse Serv. of N.Y., 74 AD3d 433; Skelly v Sachem Cent. School Dist., 309 AD2d at 918; Heydt Contr. Corp. v Tishman Constr. Corp. of N.Y., 163 AD2d at 197; Continental Bldg. Co. v Town of N. Salem, 150 AD2d at 518; Gouldsberry v Dan's Supreme Supermarket, 138 AD2d at 676; Brown v Brooklyn Union Gas Co., 137 AD2d at 480).
MASTRO, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court