Wilson v Perlman (2020 NY Slip Op 04199)





Wilson v Perlman


2020 NY Slip Op 04199


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2019-05733
 (Index No. 521289/18)

[*1]Thomas D. Wilson, etc., appellant, 
v
David H. Perlman, respondent.


Thomas D. Wilson, P.C., Brooklyn, NY, for appellant.



DECISION & ORDER
In an action, inter alia, pursuant to Business Corporation Law § 1104-a for judicial dissolution of a closely held corporation, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated March 14, 2019. The order denied the plaintiff's motion, in effect, pursuant to CPLR 602(b) to remove an action entitled Perlman v Wilson, pending in the Civil Court, Kings County, under Index No. 28549/18, to the Supreme Court, Kings County, and to consolidate that action with this action.
ORDERED that the order is affirmed, without costs or disbursements.
In October 2018, the plaintiff commenced this action, inter alia, pursuant to Business Corporation Law § 1104-a for judicial dissolution of nonparty Real Estate Lawyers Group, Inc., a closely held corporation in which the plaintiff and the defendant are each 50% shareholders. Thereafter, the plaintiff moved, in effect, pursuant to CPLR 602(b) to remove an action entitled Perlman v Wilson, pending in the Civil Court, Kings County, under Index No. 28549/18 (hereinafter the Civil Court action), to the Supreme Court, Kings County, and to consolidate that action with this action. The Supreme Court denied the plaintiff's motion. The plaintiff appeals.
CPLR 602(b) provides, in pertinent part, that "[w]here an action is pending in the supreme court it may, upon motion, remove to itself an action pending in another court and consolidate it or have it tried together with that in the supreme court" (see Spain v 325 W. 83rd Owners Corp., 302 AD2d 587; Dolphin v Angioletti, 259 AD2d 514, 514-515). " Where common questions of law or fact exist, a motion to consolidate [pursuant to CPLR 602(b)] should be granted absent a showing of prejudice to a substantial right by the party opposing the motion'" (Hae Sheng Wang v Pao-Mei Wang, 96 AD3d 1005, 1009, quoting Kally v Mount Sinai Hosp., 44 AD3d 1010).
Here, the plaintiff failed to demonstrate that the Civil Court action and the instant action share any significant common questions of law or fact so as to warrant removal and consolidation or a joint trial (see CPLR 602[b]; Betancourt v City of New York, 172 AD3d 624; Village of Mamaroneck v Mamaroneck Affordable Condominium Corp., 13 AD3d 361, 362; cf. Kally v Mount Sinai Hosp., 44 AD3d at 1010-1011). Moreover, the issues and applicable legal principles in the respective actions are so dissimilar that joinder or consolidation would be of no benefit, and would likely result in jury confusion (see County of Westchester v White Plains Ave., LLC, 105 AD3d 690, 691; 197 Merrick Rd. Corp. v 185 Merrick Rd. Assoc. Corp., 152 AD2d 551).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion, in effect, pursuant to CPLR 602(b) to remove the Civil Court action to the Supreme Court, Kings County, and to consolidate that action with this action.
BALKIN, J.P., ROMAN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court