Matter of 314 Rutledge St., LLC v Tax Commn. of the City of N.Y. (2020 NY Slip Op 07562)





Matter of 314 Rutledge St., LLC v Tax Commn. of the City of N.Y.


2020 NY Slip Op 07562


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
PAUL WOOTEN, JJ.


2018-03858
 (Index Nos. 22795/11, 20247/12, 16435/13, 14450/14, 6015/16)

[*1]In the Matter of 314 Rutledge Street, LLC, appellant,
v
Tax Commission of the City of New York, respondent.


Alter & Barbaro, Brooklyn, NY (Bernard M. Alter of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Vincent D'Orazio, Amy Kirshner, and Anthony Forzaglia of counsel), for respondent.



DECISION & ORDER
In related tax certiorari proceedings pursuant to Real Property Tax Law article 7, the petitioner appeals from an order of the Supreme Court, Kings County (Michael L. Pesce, J.), dated February 1, 2018. The order, insofar as appealed from, granted those branches of the motion of the Tax Commission of the City of New York which were to vacate the notes of issue filed in the proceedings to review tax assessments of the subject property for the tax years 2011/2012 through 2014/2015 and to dismiss the proceeding to review tax assessments of the subject property for the tax year 2011/2012 as abandoned pursuant to RPTL 718, sua sponte, directed dismissal of the proceedings to review tax assessments of the subject property for the tax years 2012/2013 and 2013/2014 as abandoned pursuant to RPTL 718, and denied the petitioner's motion pursuant to CPLR 602 to consolidate the proceeding to review tax assessments of the subject property for the tax year 2016/2017 with the proceedings to review tax assessments of the subject property for the tax years 2011/2012 through 2014/2015 and an action entitled Kahan v City of New York, commenced in the Supreme Court, Kings County, under Index No. 29477/08.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the proceedings to review tax assessments of the subject property for the tax years 2012/2013 and 2013/2014 as abandoned pursuant to RPTL 718 is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs.
The petitioner commenced four related tax certiorari proceedings against the Tax Commission of the City of New York (hereinafter the Tax Commission) to review tax assessments on the petitioner's real property for the tax years 2011/2012 through 2014/2015. The petitioner alleged that the subject property was rendered worthless due to toxic contamination caused by a prior tenant. On October 14, 2015, the petitioner filed a note of issue and certificate of readiness for each of the proceedings. Thereafter, the Tax Commission moved, inter alia, to vacate the notes of issue filed in those proceedings for failure to comply with 22 NYCRR 202.60 and to dismiss the proceeding to review tax assessments for the tax year 2011/2012 as abandoned. In a separate tax [*2]certiorari proceeding to review tax assessments on the subject property for the tax year 2016/2017, the petitioner moved pursuant to CPLR 602 to consolidate that proceeding with the tax certiorari proceedings for the tax years 2011/2012 through 2014/2015 and an action entitled Kahan v City of New York, commenced in the Supreme Court, Kings County, under Index No. 29477/08. In an order dated February 1, 2018, the Supreme Court, among other things, granted those branches of the Tax Commission's motion which were to vacate the notes of issue and to dismiss the proceeding for the tax year 2011/2012 as abandoned, sua sponte, directed dismissal of the proceedings for the tax years 2012/2013 and 2013/2014 as abandoned, and denied the petitioner's motion for consolidation. The petitioner appeals.
We agree with the Supreme Court's determination to grant that branch of the Tax Commission's motion which was to vacate the notes of issue in the proceedings for the tax years 2011/2012 through 2014/2015, since the petitioner failed to comply with 22 NYCRR 202.60(b)(1) and (e)(1) by filing the notes of issue before a preliminary conference was held and disclosure was completed (see Matter of Eastgate Corporate Park, LLC v Assessor, Bd. of Assessment Review of Town of Goshen, 54 AD3d 1036). Further, the petitioner failed to file a note of issue within four years from the commencement of the proceeding for the tax year 2011/2012, as strictly required under RPTL 718(2)(d), and failed to correct its noncompliance with 22 NYCRR 202.60 within the four-year period for the proceedings for the tax years 2012/2013 and 2013/2014, and thus, we agree with the court's determination that the proceedings for the tax years 2011/2012 through 2013/2014 should be dismissed as abandoned (see Matter of Plaro Estates, Inc. v Assessor, 101 AD3d 886, 887). Accordingly, we agree with the court's determination to grant those branches of the Tax Commission's motion which were to vacate the notes of issue and to dismiss the proceeding for the tax year 2011/2012 as abandoned and, sua sponte, to direct dismissal of the proceedings for the tax years 2012/2013 and 2013/2014 as abandoned.
We agree with the Supreme Court's determination that the petitioner was not entitled to consolidation of the tax certiorari proceeding for the tax year 2016/2017 with the other tax certiorari proceedings, since the petitioner failed to serve a verified or certified income and expense statement or a statement that the property is not income producing in the proceeding for the tax year 2016/2017 (see 22 NYCRR 202.60[f]). We also agree with the court's determination that the petitioner was not entitled to consolidation of the tax certiorari proceedings with the plenary action, since the petitioner failed to demonstrate that the tax certiorari proceedings and the plenary action shared significant common questions of law or fact (see Wilson v Perlman, 185 AD3d 984). Accordingly, the court providently exercised its discretion in denying the petitioner's motion for consolidation.
The parties' remaining contentions either are without merit, are not properly before this Court, or need not be reached in light of our determination.
BALKIN, J.P., LEVENTHAL, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court